**HOGAN v. HILL, Warden.**

No. 77.

District Court, M. D. Pennsylvania.

Dec. 5, 1935.

See, also, 9 F.Supp. 975.

Daniel Hogan, in pro. per.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

WATSON, District Judge.

Daniel Hogan, an inmate of the United States Northeastern Penitentiary at Lewisburg, Pa., has applied for a writ of habeas corpus, alleging that he has served the sentences imposed upon him, but that the warden nevertheless refuses to release him, and alleging further that he applied to a United States commissioner for discharge under the Indigent Convict Statute, 18 U.S.C.A. § 641, and that the United States commissioner held that he had not completed the service of his sentences, had not served thirty days solely for the nonpayment of fine, and that the United States commissioner was without jurisdiction to entertain the application.

In paragraph 4 of his petition, the petitioner incorporates by reference the record containing certified copies of the judgments and sentences involved in these proceedings, which are part of a previous habeas corpus proceeding of this petitioner, known as No. 58 habeas corpus in this court. 9 F.Supp. 333. The court has, in connection with the present case, considered carefully the certified copies of such records included in that proceeding.

The applicant is serving two separate sentences imposed on him by two different United States District Courts. He asserts that his sentences were to be served concurrently, in which event they have already expired, and that he has in addition thereto already served thirty days solely for nonpayment of fine, and contends further that the United States commissioner was in error in refusing to assume jurisdiction on his indigent convict application. On the other hand, the United States commissioner, as well as the warden of the United States Northeastern Penitentiary, considered that the sentences were to be served consecutively, and that the applicant has not as yet served his terms of imprisonment under the two sentences. The question presented to this court for determination, therefore, is whether the sentences were to be served concurrently or consecutively.

The facts are as follows: June 16, 1930, Daniel Hogan, the petitioner herein, was sentenced by the United States District Court for the Western District of Louisiana to imprisonment in a penitentiary for a term of three years and to pay a fine of $5,000, and, in default of payment of said fine, to be confined in said penitentiary as the law provides. This conviction was on a charge of smuggling liquor into the United States from a foreign country, in violation of the National Prohibition Act (27 U.S.C.A. § 1 et seq.) and the Tariff Act of 1922 (42 Stat. 858). From this sentence the petitioner appealed on June 16, 1930, and was released on bail in the sum of $40,000 pending the appeal. November 19, 1931, the mandate of the

United States Circuit Court of Appeals was filed, judgment affirmed. See Hogan v. United States, 48 F.(2d) 516. December 14, 1931, an order was entered forfeiting the bond of Daniel Hogan, a capias issued, and May 14, 1932, Daniel Hogan was placed in the United States Penitentiary at Atlanta, Ga. While at liberty on bail during the pendency of his appeal from the sentence of the United States District Court for the Western District of Louisiana, he was arrested on a conspiracy charge in the Eastern District of Virginia, indicted November 5, 1930, was later convicted, and November 21, 1930, was sentenced by the court for that district to imprisonment in a penitentiary for a term of one year and nine months and to pay a fine of $5,000. The last-mentioned judgment contains the following:

"It is considered and ordered by the Court * * * that the said Dan Hogan, alias * * * be imprisoned in said Penitentiary for the period of one year and nine months and fined the sum of Five Thousand Dollars ($5,000.00) without costs. Said sentences as to each of said defendants to be effective when they surrender themselves to the United States Marshal for this District for confinement in accordance with the judgments herein imposed; but it appearing to the Court that the last named defendant, Hogan, alias Kelly, alias Halpin, has been convicted and sentenced for violating the laws of the United States in another jurisdiction and that he is now under bond in that jurisdiction to answer said sentence and judgment at a future date, it is further ordered that the judgment and sentence herein imposed against said defendant shall be in addition to and independent of any other sentence or sentences heretofore imposed against said defendant by any other Court."

The petitioner also appealed from this sentence and was released on bail in the sum of $15,000. The mandate of the Circuit Court of Appeals was filed July 15, 1931, judgment affirmed, and November 2, 1931, an order was entered forfeiting the bond of Hogan. September 22, 1933, an order was entered reciting the various facts with reference to the Virginia proceedings, and reciting further:

"That upon receipt of the said mandate from the United States Circuit Court of Appeals for the Fourth Circuit, the said defendant failed to surrender himself into the custody of the Marshal, and is now and has continuously been in default of the condition of his said bail;

"And it further appearing to the Court that the said defendant is now in the custody of the Warden of the United States Penitentiary, Lewisburg, Pennsylvania, as a prisoner serving a sentence imposed upon him by another Court prior to the imposition of the sentence imposed by this Court, and that no part of the sentence imposed by this Court has been served;

"It is accordingly ordered that the Clerk of this Court do forthwith issue mittimus for the said Dan Hogan. * * *"

And on the same day a mittimus did issue.

It appears from the above that the petitioner, being for a time a fugitive from justice, was not apprehended and committed to serve his Louisiana sentence until May 14, 1932. If the sentences are consecutive, as contended by the warden and by the United States commissioner, the petitioner's terms do not expire until January 11, 1936, even with due allowance for computation for good behavior.

■ In accordance with the usual tenderness of the criminal law toward defendants, when two or more sentences are imposed against the same person to imprisonment in the same institution, or the same type of institution, the presumption is that they are to be served concurrently rather than consecutively, unless the contrary clearly appears. Any reasonable doubt or ambiguity on that point is resolved in favor of the defendant. On the other hand, a judgment must be reasonably construed in accordance with the intent of the trial court, if the language discloses such intent clearly and without doubt or obscurity. For that purpose, the language in which the judgment is couched must be read in accordance with its usual and everyday meaning. Legal procedure must loosen its fetters from blind adherence to archaic and artificial formulas. There is no virtue or sanctity in the use of any specific terms or phrases, if other words convey the same meaning with equal certainty.

■ Testing, by these principles, the second sentence as imposed by the District Court for the Eastern District of Virginia, there appears to be no doubt that the trial court intended that it should run consecutively to the sentence imposed by the Dis-

trict Court for the Western District of Louisiana. This court is constrained to believe that this is the only meaning that can reasonably be ascribed to the phrase "in addition to and independent of," when taken and considered in connection with the complete expression of the District Court for the Eastern District of Virginia in its sentence of November 21, 1930.

In furtherance of the petitioner's contention, he asserts that the two sentences must run concurrently in the absence of specific provision for consecutive service and in the absence of specific designation of the prior sentence which the later sentence is to follow. Such is not the rule. The construction of a sentence in a criminal case and the manner of its service requires ascertainment of the intent, and the intent is to be gathered from the judgment entry. United States v. Remus (C. C.A.6) 12 F.(2d) 239, 240. Nor is it necessary that a court specify with particularity the sentence which its judgment is to follow. The sentence "to begin to run upon the expiration of the sentence now being served by defendant" was held sufficient to require consecutive service in Austin v. United States (C.C.A.9) 19 F. (2d) 127, 129. A sentence directed to "run consecutively and not concurrently with and in addition to the sentence heretofore imposed in a former cause" was found effective for consecutive service in Boyd v. Archer (C.C.A.9) 42 F.(2d) 43, 44, 70 A.L.R. 1507. The language used by the court in that case is appropriate here: "Taking the entire record as pleaded by appellant, the conclusion is inescapable that the court referred to this judgment alone and intended that the sentence then imposed should be served following the execution of that sentence. We entertain no doubt that such was the understanding of all parties concerned and now to hold with appellant would, through a technical informality affecting no substantial right, result in a plain miscarriage of justice." The court there followed the principle enunciated in the case of United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, and in discussing the Daugherty Case, said: "True, here the sentences are in two separate causes, whereas there they were on three counts of a single indictment. But logically that consideration cannot be controlling; the question in either case is of the intent of the court."

In United States v. Daugherty, 269 U. S. 360, 46 S.Ct. 156, 70 L.Ed. 309, the Supreme Court had before it a sentence of "five years on each of said three counts, * * * to run consecutively, and not concurrently." No order of sequence of service was prescribed, but the court there held the sentence valid and that it clearly showed the intention of the trial court. The following language in that opinion is illuminating on the question here involved and controlling here, namely: "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." If there is any uncertainty in the words "in addition to and independent of" in the sentence of the District Court for the Eastern District of Virginia, such uncertainty certainly disappears when that sentence is considered and analyzed in its entirety. In that sentence the quoted words were preceded by the trial judge's statement of his knowledge that the petitioner was under sentence in another federal jurisdiction and was under bond to answer such sentence at a future date. That statement, the quoted words, and the sentence taken in its entirety, clearly show that the court was aware of the sentence previously imposed in the Western District of Louisiana, of the appeal therefrom still pending, and that it intended that the sentence it imposed was to be served consecutively with, and not concurrently with, the sentence imposed by the District Court for the Western District of Louisiana.

This court is not unmindful of that which was said by Judge Johnson in the opinion in the previous habeas corpus proceeding in this court, Hogan v. Hill (D. C.) 9 F.Supp. 333, but, in view of the opinion expressed by Judge Johnson in a subsequent mandamus proceeding, Hogan v. Hill (D.C.) 9 F.Supp. 975, that the question of concurrency was not properly before the court, that any finding on that question was dictum and not binding on any one, not even the court that expressed it, and that, if the question should be properly raised, the court itself might not follow that dictum, this court does not feel bound thereby.

From the petition itself, following the above authorities and reasoning, it ap-

pears and this court holds that the sentences in question are to be served consecutively and not concurrently. The petitioner has not yet completed the service of the sentences, and he is not entitled to be released.

Now, December 5, 1935, the application for a writ of habeas corpus is refused.