5 Ariz. App. 264 (1967)
425 P.2d 575
In the Matter of the Application of Tommy Okawana McGilbry For a Writ of Habeas Corpus.
Tommy Okawana McGILBRY, Petitioner,
v.
STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondent.
No. 2 CA-HC 57.
Court of Appeals of Arizona.
March 21, 1967.
Tommy Okawana McGilbry, in pro. per.
Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for respondent.
KRUCKER, Judge.
This case is before us on an application for a writ of habeas corpus. The applicant, Tommy Okawana McGilbry, was tried by a jury and found guilty on two counts, illegal sale of a narcotic drug, a felony, (counts II and IV). On May 21, 1962, petitioner was duly sentenced to the Arizona State Prison, where he is now incarcerated. The judgment of guilt and sentence read, in part, as follows:
"IT IS THE JUDGMENT AND SENTENCE OF THE COURT, that the defendant be incarcerated and imprisoned in the State Penitentiary at Florence, Arizona for a term of not less than Five (5) nor more than Ten (10) years to date from this day on CT. II.

"CT. IV. That you be incarcerated and imprisoned in the State Penitentiary at Florence, Arizona for a term of not less than Five (5) nor more than Ten (10) years to date from this day, said sentence to run consecutively with the sentence pronounced in CT. II."
(Emphasis added.)
We have examined the minute entry entered by the clerk of the court on the same date, which also uses substantially the same language quoted above.
Petitioner has completed the first sentence of "not less than Five (5) nor more than Ten (10) years" on count II, and is now serving the second or "consecutive" sentence on count IV. It is contended that the ambiguity in the sentence should be resolved in favor of the petitioner and that the phrase in each sentence "to date from this day" is contrary to the statement in the sentencing on count IV "said sentence to run consecutively with the sentence pronounced in CT. II."
This Court, in State v. Owen, 2 Ariz. App. 580, 410 P.2d 698 (1966) dealt, to some extent, with the problem of indefiniteness *265 of sentences and cited Hogan v. Hill, D.C., 12 F. Supp. 873 (1935), where it was held that where two or more sentences are imposed against the same person they are to be served concurrently rather than consecutively, unless the contrary clearly appears, and any reasonable doubt or ambiguity on that point is resolved in favor of the defendant.
An annotation in 70 A.L.R. at page 1521 states:
"Where sentences in their different parts are inconsistent, an indication therein that they are not to run concurrently may be ineffective to sustain them as imposing consecutive terms of imprisonment. In Biddle v. Hall (1926; C.C.A. 8th) 15 F.(2d) 840, where the sentence of the court was that the defendant in a certain case be confined in a Federal Penitentiary for one year and one day `from this date,' the sentence `not to run concurrently with sentence' in another case, and in the latter case the judgment of the court was that the defendant be confined in a Federal penitentiary for one year and one day `from this date,' the sentence `not to run concurrent with sentence' in the former case, the court held that the sentences must be construed as imposing concurrent terms of confinement, it being pointed out that each sentence imposed confinement for one year and one day from `date,'
* * * * * *
"In Puccinelli v. United States (1925; C.C.A.9th) 5 F.(2d) 6, where accused entered a plea of guilty to four informations, and was sentenced to various terms of imprisonment under each, without any statement as to the order of sequence in which the sentences were to be served, and without any express provision that the different terms should not run concurrently, although, after the expiration of the longest term of imprisonment imposed, the judge amended the judgment so as to state that the sentences were to run consecutively, the court held that the attempted amendment was of no avail, and that accused was entitled to his discharge."
There is authority to the effect that a person may not be re-sentenced under the circumstances of this case, Pina v. State, 100 Ariz. 47, 410 P.2d 658 (1966), and that the petitioner may be discharged on an application for a writ of habeas corpus.
It is, therefore, ordered that the petition for writ of habeas corpus be granted; that the sentence and commitment on the two counts are to be served concurrently; and that the petitioner, having served his term of not less than five nor more than ten years, be discharged from the Arizona State Prison at Florence, Arizona.
HATHAWAY, C.J., and MOLLOY, J., concur.