432 P.2d 280

**Application of Leroy Carl BIDGOOD, For a Writ of Habeas Corpus.**

**Leroy Carl BIDGOOD, Petitioner,**

v.

**STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondents.**

**No. 2 CA–HC 68.**

Court of Appeals of Arizona.

Oct. 9, 1967.

Leroy Carl Bidgood, in pro. per.

Darrell F. Smith, Atty. Gen., Phoenix, for respondents.

KRUCKER, Judge.

Leroy Carl Bidgood has filed an application for a writ of habeas corpus. Petitioner is confined to the Arizona State Prison

having been sentenced on August 21, 1961 in the Superior Court of Maricopa County, Arizona, on a plea of guilty to an information charging him on three counts: robbery, assault with a deadly weapon and grand theft. The judgment of guilt and sentence read in part as follows:

"IT IS THE JUDGMENT AND SENTENCE OF THE COURT, that the defendant be punished by imprisonment in the State Prison, at Florence, Arizona on Count I of the information for a term of not less than Seven (7) years and not more than Ten (10) years, on Count II— for a term of not less than Four (4) years nor more than Five (5) years, and on Count III—for a term of not less than Two (2) years nor more than Three (3) years, *from this date, said sentences to run consecutively.*" (Emphasis supplied)

Petitioner previously sought a writ of habeas corpus in this court claiming double jeopardy because of sentencing on three counts, and we held that A.R.S. § 13–1641 did not apply and dismissed the petition on June 12, 1967. Petitioner had also taken an appeal to this court, 2 CA–CIV 429, for denial for a petition for a writ of habeas corpus and said appeal was dismissed by this court July 27, 1967.

The present petition asserts that the sentences of the court on August 21, 1961 must run *concurrently* instead of *consecutively* because the judgment of guilt and sentences used the words, "from this date." Petitioner further relies on Rule 338, Ariz.Rules Cr. Proc., 17 A.R.S., which provides:

"When the sentence imposes imprisonment, it shall state the date at which the imprisonment is to begin."

Petitioner relies on the opinion of this court in McGilbry v. State ex rel. Eyman, 5 Ariz.App. 264, 425 P.2d 575 (1967) wherein we granted a writ of habeas corpus to the petitioner in a similar situation.

In the McGilbry case the judgment of guilt and sentence read, in part, as follows:

"IT IS THE JUDGMENT AND SENTENCE OF THE COURT, that the de-

fendant be incarcerated and imprisoned in the State Penitentiary at Florence, Arizona for a term of not less than Five (5) nor more than Ten (10) years *to date from this day on CT. II.*

"CT. IV. That you be incarcerated and imprisoned in the State Penitentiary at Florence, Arizona for a term of not less than Five (5) nor more than Ten (10) years *to date from this day,* said sentence to run consecutively *with* the sentence pronounced in CT. II." (Emphasis supplied)

We held that the phrase in each sentence, "to date from this day," was contrary to the statement in the sentencing on Count IV, "said sentence to run consecutively with the sentence pronounced in CT. II," citing State v. Owen, 2 Ariz.App. 580, 410 P.2d 698 (1966) and Hogan v. Hill, D.C., 12 F. Supp. 873 (1935) for the rule that where two or more sentences are imposed against the same person they are to be served concurrently rather than consecutively unless the contrary clearly appears, and any reasonable doubt or ambiguity on that point is resolved in favor of the defendant.

We think that McGilbry is distinguishable from the present case. Rule 339, Rules Cr.Proc., 17 A.R.S., provides in part:

"When the defendant has been convicted of two or more offenses charged in the same indictment or information, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them [shall] be served consecutively. * * *"

See State ex rel. Jones v. Superior Court etc., 78 Ariz. 367, 280 P.2d 691 (1955). In Hogan v. Hill (supra) the Federal District Court of Pennsylvania stated:

"On the other hand, a judgment must be reasonably construed in accordance with the intent of the trial court, if the language discloses such intent clearly and without doubt or obscurity. * * *" (12 F.Supp. at 874)

In McGilbry the statements, "to date from this day," were in conflict with the

statement, "said sentence to run consecutively with the sentence pronounced in CT. II," and one would have to be disregarded to give the other any effect. This conflict gave rise to a reasonable doubt which was resolved in favor of the petitioner. No such conflict is present here.

The language of the trial court used in imposing sentence manifests the clear intention that the sentences be consecutive. (See State v. Owen, supra.) The words in the judgment and sentence, "from this date," serve to state the date at which imprisonment is to begin, in accordance with Rules Cr.Proc. 338. It is clear that the trial court imposed three separate sentences for three offenses and expressly directed that the sentences were to run consecutively and not concurrently. Rules Cr.Proc. 339 (supra). Since the intent of the trial court is clearly expressed in the words of the judgment and sentence, we hold that the sentences are to run consecutively and not concurrently and accordingly the writ will be denied.

HATHAWAY, C. J., and MOLLOY, J., concur.