480 P.2d 345

**STATE of Arizona, Appellee,**

**v.**

**Donald Eugene YOUNG, Appellant.**

**No. 2157.**

Supreme Court of Arizona,
In Banc.

Feb. 4, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Taylor, Grace & Petica, by Ronald H. Petica, Phoenix, for appellant.

HAYS, Vice Chief Justice.

Appellant, Donald Eugene Young, entered pleas of guilty to charges of attempted rape and burglary, second degree. From the judgment of conviction and sentence he appeals.

The record indicates that two informations filed against appellant were consolidated for trial. In Cause No. 60359, filed November 25, 1969, appellant was charged with burglary, first degree. This information was later amended to include an allegation of a prior felony conviction. Cause No. 62033, filed March 24, 1970, charged appellant with rape and robbery. Subsequently however, amended informations were filed reducing the charges to burglary, second degree in Cause No. 60359 and to attempted rape in Cause No. 62033.

Through his counsel, appellant moved to withdraw his pleas of not guilty and to enter a plea of guilty to both amended informations. The trial judge asked appellant a series of questions to determine if his change of pleas were being made knowingly, intelligently and voluntarily. In response to the court's inquiries, appellant indicated that he had fully conferred with his counsel with respect to his change of pleas; that he had not been coerced, threatened or promised a lighter sentence; that he understood that a plea of guilty waived all rights to a jury trial and to confront witnesses; that he had no questions concerning this change of pleas and that he understood the significance thereof. Thereupon, the court accepted appellant's plea of guilty to both amended informations.

On April 15, 1970, appellant was sentenced to serve not less than four nor more than five years for the burglary charge and to not less than ten nor more than eleven years for the charge of attempted rape. After the sentences were ordered to run consecutively and appellant was asked if he understood his rights of appeal, appellant replied: "Yes, but now the consecutive, what is the meaning of that?" The appellant was then told that this would be explained by his lawyer. Thereafter appellant moved to vacate the sentences and to reinstate his pleas of not guilty. This motion was denied.

Appellant contends that the court erred in refusing to vacate the sentences imposed and to permit him to withdraw his guilty pleas. Appellant points out that the record does not reflect that he was advised that he could receive consecutive sentences or that he was ever told the meaning of the word "consecutive." He contends that the failure of the record to so indicate is reversible error within the holding of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Although the trial judge has the discretion to order concurrent sentences for two offenses both of which are independent of each other in time and space, a defendant has no *right* to receive concurrent sentences. Further, we are unpersuaded by claims of ignorance with respect to matters clearly obvious to the everyday layman. Both offenses for which appellant stood charged occurred on separate occasions. The most basic logic and reflection make it apparent that separate offenses merit separate punishments. Only one experienced in the law of sentencing would be aware that the trial judge has the discretion to order concurrent sentences for separate crimes and such person, of course, would have no argument if he received consecutive sentences.

It is clear that *Boykin* requires that the record indicate that defendants understand the consequences of their guilty pleas. However, this court is of the opinion that the real thrust of *Boykin* is that a defendant may not be permitted to give up *constitutional rights* unless he is aware of them and voluntarily waives them. A defendant has no constitutional right to receive concurrent sentences for two separate offenses whether the sentence is imposed pursuant to a plea of guilty or after a verdict of guilt is rendered by a jury. Even if *Boykin* requires that a defendant be aware of certain consequences of a guil-

ty plea other than the giving up of constitutional rights, we are of the opinion that such a requirement would not apply to a consequence so obvious as separate punishments for separate crimes; a consequence of which the defendant must be presumed to be aware.

Appellant also urges that the sentences imposed must be construed to run concurrently rather than consecutively. The minute entry relating to Cause No. 62033 directs the sentence thereunder to run consecutively with the sentence under Cause No. 60359. However, the minute entries relating to both causes indicate that each sentence is to begin on October 27, 1969, the date appellant was incarcerated. These minute entries reflect substantially the same language used by the trial judge when he pronounced sentence in open court. It is, of course, manifestly impossible for consecutive sentences to both begin on the same date. Since the sentencing language is consistent with both consecutive and concurrent sentences, the cause must be remanded for the purpose of clarifying and making certain the length of imprisonment appellant must serve for his crimes.

Judgment of conviction of the trial court is affirmed. The sentences are vacated and the cause remanded for resentencing.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.