483 P.2d 606

**Jesus M. VALENZUELA, Appellant,**

v.

**STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 2 CA–CIV 942.**

Court of Appeals of Arizona, Division 2.

April 14, 1971.

Rehearing Denied April 30, 1971.

Review Denied June 1, 1971.

Jesus M. Valenzuela, in pro. per.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

KRUCKER, Chief Judge.

This is an appeal from a superior court order denying habeas corpus relief to appellant, an inmate of the Arizona State Prison. Appellant predicated his claim for relief, to wit: discharge from custody on the ground that he had completed serving his sentences which, according to him, were to run concurrently.

On July 26, 1966, the subject sentences were imposed. The Pima County Superior Court minute entry order of sentencing recites:

"It is the Judgment of the Court that the Deft. is guilty as charged.

It is the Judgment and Sentence of the Court that the Deft. be committed to the Arizona State Prison for a term of not less than eight (8) nor more than ten (10) years on Count I and for a term of not less than four (4) nor more than six (6) years on Count II, said terms to run consecutively and to commence as of this date."

The formal judgment and commitment is essentially the same, with the exception that the last sentence reads:

" * * * said terms to run consecutively, to commence as of July 26, 1966."

Appellant relies upon the decision of this court in McGilbry v. State ex rel. Eyman, 5 Ariz.App. 264, 425 P.2d 575 (1967), wherein we held that an ambiguity in sentence must be resolved in favor of a defendant. In McGilbry, the judgment read, in part, as follows:

" 'IT IS THE JUDGMENT AND SENTENCE OF THE COURT, that the defendant be incarcerated and imprisoned in the State Penitentiary at Florence, Arizona for a term of not less than Five (5) nor more than Ten (10) years *to date from this day on CT. II*.

CT. IV. That you be incarcerated and imprisoned in the State Penitentiary at Florence, Arizona for a term of not less than Five (5) nor more than Ten (10) years *to date from this day*, said sentence to run consecutively *with* the sentence. pronounced in CT. II.' (Emphasis added)" 5 Ariz.App. at 264, 425 P.2d at 575.

We held that the phrase in each sentence; "to date from this day," was contrary to the statement in the sentencing on Count

IV, "said sentence to run consecutively with the sentence pronounced in CT. II."

Subsequent to *McGilbry*, this court rendered its decision in Application of Bidgood, 6 Ariz.App. 314, 432 P.2d 280 (1967), which we believe is controlling here.[1]

In *Bidgood*, the judgment recited that the defendant was sentenced on Count I to a term of not less than seven and not more than ten years, and on Count II for a term of not less than four nor more than five years, and on Count III for a term of not less than two nor more than three years *" 'from this date, said sentences to run consecutively.'* (Emphasis added)" 6 Ariz.App. at 315, 432 P.2d at 281. We agree with appellant that where two or more sentences are imposed against the same person they are to be served concurrently rather than consecutively unless the contrary clearly appears. State v. Owen, 2 Ariz.App. 580, 410 P.2d 698

1. In so holding, we are not unmindful of the recent decision of our Supreme Court in the case of State v. Young, 106 Ariz. 589, 480 P.2d 345 (1971). In this case, a *McGilbry*-type situation was involved in that notwithstanding a direction that one sentence run consecutively with another, the minute entries relating to both causes indicated that each sentence was to begin on October 27, 1969, the date appellant was incarcerated. The court stated:

(1966); *see*, Rule 339, Rules of Criminal Procedure, 17 A.R.S. Although we find that the subject judgment is not a model of clarity and venture to predict that post-conviction attacks would be substantially reduced if trial courts were more painstaking as to the details of sentences, we do not believe the construction urged by appellant is tenable. The trial court expressly directed that the sentences were to run consecutively and not concurrently. The words "and to commence of this date" merely serve to state the date at which imprisonment is to begin as required by Rule 338, Rules of Criminal Procedure, 17 A.R.S.

Since the trial court's intent that consecutive sentences be served is manifested, we find no error in the denial of habeas corpus relief.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.

"It is, of course, manifestly impossible for consecutive sentences to both begin on the same date. Since the sentencing language is consistent with both consecutive and concurrent sentences, the cause must be remanded for the purpose of clarifying and making certain the length of imprisonment appellant must serve for his crimes." 480 P.2d at 347.