494 P.2d 1323

**Peter Munoz VALENZUELA, Appellant,**

v.

**STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

No. 10605.

Supreme Court of Arizona,
In Banc.
March 22, 1972.

Peter Munoz Valenzuela, in pro. per.

Gary K. Nelson, Atty. Gen., Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

LOCKWOOD, Justice:

Appellant in his motion for rehearing urges that the sentence was ambiguous as to whether the five counts on which appellant was sentenced were to run consecutively or concurrently. He relies on McGilbry v. State ex rel. Eyman, 5 Ariz.App. 264, 425 P.2d 575 (1967).

In McGilbry, *supra*, the defendant was sentenced on two different counts. On the first count (Count II) the court imposed a sentence of five to ten years *"to date from this day* on Count II". On the second count (Count IV) the court imposed another five to ten year sentence *"to date from this day*, said sentence to run consecutively with the sentence pronounced in Count II". (Emphasis added.)

On a habeas corpus proceeding the court there held that these sentences were inconsistent since they were both to "date from this day" although the second count was "to run consecutively" with the first. The Court of Appeals held that because of the inconsistency that these sentences must be construed as running concurrently, not consecutively.

However, in the instant case the court made the following order:

"IT IS THE FINDING OF THIS COURT THAT the Defendant is guilty of Counts I, II, III, IV and V as charged in the amended Information; and

"IT IS THE JUDGMENT AND SENTENCE OF THIS COURT that the Defendant be imprisoned to the Arizona State Prison for a term of not less than five (5) years nor more than ten (10) years on each of the five counts that said Defendant has been found guilty of; each of said sentences are to run consecutively and are to commence upon the expiration of the term the Defendant is now serving under * * * [another case number]."

**194**

We see no parallel in this sentence with that imposed in McGilbry, *supra.* Here the court. specifically enumerated the number of counts of which the defendant was found guilty, and specified they were to be consecutively served, the date of commencement of the series to be upon the expiration of another term which the defendant was already serving. There was no statement that they were to commence on the same. date and a plain indication that each was to follow the other in the order mentioned, i. e., Counts I, II, III, IV and V.

Motion for rehearing denied.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.