506 P.2d 1027

**The STATE of Arizona, Appellee,**

v.

**Donald Eugene YOUNG, Appellant.**

No. 2157-2.

Supreme Court of Arizona,
In Banc.
March 5, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

David M. Lurie, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from consecutive sentences of 4 to 5 years for burglary, § 13–302 A.R.S., and to 10 to 11 years for attempted rape, § 13–108 A.R.S., by the trial court after a remand for that purpose pursuant to a prior opinion of this court. See State v. Young, 106 Ariz. 589, 480 P.2d 345 (1971).

We are called upon to answer two questions:

1. What is the scope of the appeal in the instant matter?

2. Are the findings and the sentences of the trial court upon remand supported by the evidence?

The factual background of this appeal is set out in the previous opinion of State v. Young, supra. In that opinion, we affirmed the judgment of conviction by the trial court, but vacated the sentences and remanded for resentencing because of uncertainty as to whether the terms of the sentence were to run consecutively or concurrently. Upon remand a hearing was held at which time the defendant's probation officer, his attorney at the time of his prior guilty plea, and the defendant himself testified. William Hasenmueller, the probation officer, testified:

"Q Now do you recall specifically telling Mr. Young what the maximum and minimum sentences were as to the two crimes to which he had entered a plea?

"A I always do. Specifically remembering a particular time, I can't say in what point in the interview. I wouldn't remember that.

\*　\*　\*　\*　\*　\*

"Q. Do you recall Mr. Young making any statements to you concerning

134

the plea to which he had just entered?

"A He understood thoroughly.

\* \* \* \* \* \*

"A He had no questions and incorporated in his presentence report is the crime or the limitations set by statute for the crimes to which he had pled guilty in both cases. It is so incorporated in the report."

The defendant's attorney at that time also testified:

"Q I see. Now did you have occasion to advise Mr. Young as to the possible sentence that he might receive in the event he was to enter a plea to attempted rape and second degree burglary?

"A Yes.

"Q And what did you advise him in that regard?

"A I advised him that the punishment on the burglary which the Court could impose was a sentence of from one to five years or probation and that the sentence on the attempted rape was, could be from five years to half a life.

"Q Did you explain to him what five years to half a life meant?

"A I do not recall my exact statement in that regard. I remember discussing the terms, half a life, and mentioning that it was rather ambiguous and its exact meaning was, in my opinion, had not been disclosed by any, by the statutes or by the courts in this state.

"Q Did you tell him that it would be be limited to any number of years?

"A No. I mentioned that, in my opinion, the term half a life meant that the court could impose a term of *any number of years*. (emphasis added)

"Q I see. Did you assure Mr. Young of any particular sentence?

"A I did not."

The defendant, Donald Eugene Young, testified in his own behalf sharply contesting the testimony of both Mr. Hasenmueller and his attorney and accused his prior attorney of lying.

The trial court after hearing made findings of fact and held that the sentences were to be served consecutively. From this the defendant filed one writ of habeas corpus in this court which was denied and at least one writ of habeas corpus in the Federal District Court, Ariz. 72–182 WEC, in which relief was also denied.

## SCOPE OF APPEAL

In our previous opinion we stated:

"Appellant also urges that the sentences imposed must be construed to run concurrently rather than consecutively. The minute entry relating to Cause No. 62033 directs the sentence thereunder to run consecutively with the sentence under Cause No. 60359. However, the minute entries relating to both cases indicate that each sentence is to begin on October 27, 1969, the date appellant was incarcerated. These minute entries reflect substantially the same language used by the trial judge when he pronounced sentence in open court. It is, of course, manifestly impossible for consecutive sentences to both begin on the same date. Since the sentencing language is consistent with both consecutive and concurrent sentences, the cause must be remanded for the purpose of clarifying and making certain the length of imprisonment appellant must serve for his crimes.

"Judgment of conviction of the trial court is affirmed. The sentences are vacated and the cause remanded for resentencing." State v. Young, supra, 106 Ariz. at 591, 480 P.2d at 347.

The judgment and conviction having been affirmed by the previous opinion of this court, we have only to consider in this appeal, based upon the record as supplemented by the hearing upon remand, whether the sentences are to be served consecutively rather than concurrently.

## SUFFICIENCY OF THE EVIDENCE

We have read the record before the trial court on remand and we are convinced that the judge intended at the first sentencing and correctly found on the rehearing that the sentences were to be served consecutively rather than concurrently. Valenzuela v. State ex rel. Eyman, 14 Ariz.App. 374, 483 P.2d 606 (1971).

The sentences (consecutive) are affirmed.

HAYS, C. J., and LOCKWOOD, STRUCKMEYER, and HOLOHAN, JJ., concur.