NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SCOTT ALLEN BECK, *Appellant.*

No. 1 CA-CR 21-0535
FILED 3-14-2023

Appeal from the Superior Court in Maricopa County
No. CR2018-111406-001
The Honorable Rosa Mroz, Judge, *Deceased*

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

---

**C A T T A N I**, Chief Judge:

¶1 Scott Allen Beck appeals his convictions of two counts of sexual exploitation of a minor under the age of 15 and the resulting sentences. Beck's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Beck did not file a supplemental brief but asked counsel to raise the issue of admission of Exhibits 65 and 89 at trial. After reviewing the record and considering the issues raised by Beck, we find no error and thus affirm Beck's convictions and sentences as corrected below to reflect that Beck's sentences are to be served consecutively.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Beck was convicted by a jury of two out of ten charged counts of sexual exploitation of a minor under the age of fifteen years, and he was sentenced to prison.

¶3 The State presented the following evidence relevant to the convictions. Beck was employed by a telecommunications company. In late August 2021, a fellow employee found an external hard drive and a company-issued laptop in a Phoenix workspace that someone using Beck's security badge had accessed a few days before. When the employee plugged in the hard drive, he discovered that it contained photographs of nude children. He reported the situation to his manager, who contacted police.

¶4 The employer's investigation revealed that numerous photographs of children—some clothed and some nude—had been cached on the laptop under Beck's password-protected profile. The police's investigation confirmed that the hard drive had been plugged into the laptop. The police found sexually exploitative photographs of children on

both devices, along with videos of a man masturbating to images of children. The man had tattoos and skin discoloration consistent with Beck, wore an identification badge showing Beck's face, and on one occasion ejaculated on an image of a child.

¶5        Police searched Beck's home and seized numerous electronic devices, including a thumb drive that contained sexually exploitative images of children. The search also revealed two bags, which one officer termed "masturbation kits." The kits included sex toys, child-sized underwear, and photographs of children. A later search further revealed a box containing numerous photographs of children. A search of Beck's cell phone also revealed sexually exploitative material.

¶6        Police showed a selection of the sexually exploitative images from the hard drive and the thumb drive to a pediatrician trained in estimating children's ages. With respect to the images relevant here, the pediatrician opined that the children depicted were under the ages of 13 and 5 years, respectively.

## DISCUSSION

¶7        The record reflects that Beck was afforded all constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. He was present and represented by counsel at all critical stages. The jury was properly composed and instructed, and there is no evidence of misconduct. *See* A.R.S. § 21-102(A).

¶8        The jury's verdicts were supported by sufficient evidence. "A person commits sexual exploitation of a minor by knowingly . . . [d]istributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing or exchanging any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A.R.S. § 13-3553(A)(2). "'Exploitive exhibition' means the actual or simulated exhibition of the genitals or pubic or rectal areas of any person for the purpose of sexual stimulation of the viewer." A.R.S. § 13-3551(5). Here, evidence showed that Beck used images of children for sexual gratification, and that the charged images were found on devices associated with him and depicted exploitive exhibition of children under the age of 15 years.

¶9        We detect no fundamental error with respect to the admission of Exhibits 65 and 89. Exhibit 65 is a typed list of the charged images' original file names and hash values. The court appropriately found

sufficient foundation because an officer created the list from forensic evidence. Beck also objected to Exhibit 89, a thumb drive containing the charged images shown to the jury, because that thumb drive was not the same device viewed by the pediatrician—the State had instead re-extracted the images from the source devices. But both the pediatrician and the officer who presented the images to the pediatrician testified that the Exhibit 89 images were consistent with the images the pediatrician had reviewed. The court overruled the objection and also noted (outside the presence of the jury) that the expert testimony on age was not necessary in view of the obvious youth of the images' subjects. Beck has not established fundamental error.

¶10 The court properly sentenced Beck to 14-year prison terms for each conviction and credited him for presentence incarceration. *See* A.R.S. §§ 13-3553(C), -705(F), -712(B). We do, however, note one error in the sentencing minute entry. Although the court specified in its oral pronouncement that the prison terms were consecutive, and the sentencing minute entry accordingly applied the presentence incarceration to the first count only, the minute entry specified that the two prison terms would begin on the same date. Consecutive sentences cannot begin on the same date. *State v. Young*, 106 Ariz. 589, 591 (1971). To the extent the identical start dates create a conflict with the oral pronouncement of sentence, the oral pronouncement controls. *State v. Whitney*, 159 Ariz. 476, 487 (1989). We therefore correct the minute entry by deleting the start date for the second prison term.

## CONCLUSION

¶11 Beck's convictions and sentences are affirmed as corrected. After the filing of this decision, defense counsel's obligations pertaining to Beck's representation in this appeal will end after informing Beck of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Beck has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.