543 P.2d 498

**The STATE of Idaho, Respondent,**

v.

**Roger Alan MORRIS, Appellant.**

**No. 11778.**

Supreme Court of Idaho.

Dec. 18, 1975.

---

Terrence R. White, Weeks, Yost & White & Ahrens, P. A., Nampa, for appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for respondent.

McQUADE, Chief Justice.

Defendant-appellant, Roger Alan Morris (hereinafter appellant), was charged by information in two separate cases with a total of four counts of uttering and delivering a check with insufficient funds in an amount of $25.00 or more (I.C. § 18–3106(b)). At his arraignment appellant entered pleas of guilty to all four counts. The district court accepted the appellant's pleas after questioning the appellant in open court. Following consideration of a pre-sentence investigation report, appellant was sentenced by the district court as follows: In the first case of three counts of

insufficient funds checks, appellant was sentenced to three years on Count One; three years on Count Two to run consecutively with the sentence on Count One; and, three years on Count Three to run concurrently with the sentence on Count One. In the second case of one count of insufficient funds checks, appellant was sentenced to three years to run concurrently with the sentences imposed in the first case. Three years is the maximum sentence that may be imposed for this offense (I.C. § 18–3106(b)). Appellant brings this appeal from the judgments of conviction and sentences entered by the district court. The two cases are consolidated for appeal.

Appellant contends the district court erred in sentencing him to two consecutive three-year sentences because it had advised him before accepting his guilty pleas that the maximum possible sentence was three years. Appellant also argues the district court abused its discretion in sentencing him.

■ Appellant does not contend, and the record would not support a contention, that his guilty pleas were involuntary.[1] It is also clear from the record, contrary to appellant's assertion, that the district court advised him that the maximum possible sentence was three years *on each count* to which he pled guilty. While appellant was not specifically advised of the district court's discretion to impose consecutive three-year sentences on each count to which he pled guilty,[2] we hold that the district court did not err and adequately informed

him of the possible consequences of his guilty pleas.[3] Appellant has not shown any basis for finding an abuse of discretion by the district court in imposing sentence.[4]

■ Appellant finally notes he was arraigned in district court on an information filed more than ten days after he was held to answer.[5] However, appellant failed to object to this procedural irregularity in the district court and entered his plea of guilty. His objection was waived.[6]

The judgment of conviction is *affirmed.*

McFADDEN, DONALDSON, SHEPARD and BAKES, JJ., concur.

---

1. I.R.Crim.P. 11; *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Mooneyham*, 96 Idaho 145, 525 P.2d 340 (1974); *State v. Alldredge*, 96 Idaho 7, 523 P.2d 824 (1974).

2. I.C. § 18–308.

3. *See State v. Young*, 106 Ariz. 589, 480 P.2d 345 (1971), *appeal after remand*, 109 Ariz. 133, 506 P.2d 1027 (1973); *but cf.* ABA Standards: Pleas of Guilty § 1.4(c)(i) (1968); The Function of the Trial Judge § 4.2(a)(iv) (1972).

4. *State v. Johnson*, 96 Idaho 727, 536 P.2d 295 (1975); *State v. O'Bryan*, 96 Idaho 548, 531 P.2d 1193 (1975); *State v. Standlee*, 96 Idaho 165, 525 P.2d 360 (1974); *State v. Mooneyham*, *supra* note 1.

5. I.R.Crim.P. 7(e).

6. I.R.Crim.P. 12(b)(2) and (f); *United States v. Saldana*, 505 F.2d 628 (5th Cir. 1974); *United States v. Lee*, 500 F.2d 586 (8th Cir.), cert. denied, 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974); *Ramirez v. State of Arizona*, 437 F.2d 119 (9th Cir. 1971); *Cox v. United States*, 428 F.2d 877 (9th Cir. 1970).