585 P.2d 1278

**The STATE of Idaho, Plaintiff and Respondent,**

v.

**Cecil O. FLUMMER, Defendant and Appellant.**

No. 12449.

Supreme Court of Idaho.

Oct. 24, 1978.

Charles F. McDevitt, Gary E. Lofland, Boise, for defendant and appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff and respondent.

---

BISTLINE, Justice.

Flummer predicates error on the contention that the trial court in accepting a plea of guilty failed to advise him explicitly of the possibility of sentence being made to run consecutively to a term he was already serving.

Flummer, while an inmate at the Idaho state penitentiary, escaped therefrom, and in doing so struck a correctional officer with a metal bottle. Following a preliminary hearing, he was charged by information both with escape, I.C. § 18–2505, and assault and battery on a correctional officer, I.C. § 18–913. A motion was made to dismiss this latter charge on the ground that a preliminary hearing had not been held thereon, which motion was subsequently withdrawn. Thereafter, the court was notified of Flummer's desire to enter a guilty plea on the assault charge.

At the plea hearing the court was advised that upon its acceptance of the plea to assault on a correctional officer, the escape charge would be dismissed. The court told Flummer that a person guilty of the remaining assault charge could be imprisoned up to 5 years. Flummer was asked if he wanted to plead guilty and replied that he did. The court then restated in great detail the cautions which Flummer had been given when first arraigned.

Flummer was sworn and examined by the court as to the voluntariness of his guilty plea. During the questioning he stated his knowledge that the maximum punishment for the offense was "up to five years in prison and $1000 fine." The court's examination was exhaustive. The plea was accepted and the escape charge was dismissed. A month later, at sentencing, his counsel pointed out that Flummer was then 64 years of age and in poor health. Counsel asked the court for a sentence less than the maximum and asked that it not be made consecutive to the 9-year term for armed robbery which defendant was already serving. The prosecutor recommended the full 5 years, but stated he would not ask for a consecutive sentence.

In the ensuing colloquy it was brought out that as a consequence of the escape episode, Flummer's time on the armed robbery sentence had been administratively set at 7 years. Thus a concurrent 5-year term for assault would expire prior to the expiration of the robbery term. A 3-year term was imposed, "to commence at the expiration of the term which he is presently serving for robbery."

That Flummer understood that a sentence for up to 5 years could be imposed is not questioned. He questions only the failure of the trial court to inform him that the sentence could be tacked on to the armed robbery term which he was then serving. The State contends that the precise issue was decided against Flummer by *State v. Morris*, 97 Idaho 273, 274, 543 P.2d 498, 499 (1975), where this Court said,

> While appellant was not specifically advised of the district court's discretion to impose consecutive three-year sentences on each count to which he pled guilty, we hold that the district court did not err and adequately informed him of the possible consequences of his guilty pleas. (Footnotes omitted.)

Flummer argues that we should be guided by our later decision in *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976), wherein the determination of whether a plea is both voluntary and understood requires a trial court inquiry as to "whether the defendant understood the consequences of pleading guilty." Providing a sentence shall run consecutively is a possible consequence to entering a guilty plea.

Both *Colyer* and *Morris* gave consideration to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, *Colyer*, unlike *Morris*, fully discussed *Boykin* in the light of other federal and state decisions. It is the most recent statement by this Court and is therefore our controlling interpretation of the constitutional requirements of *Boykin*.

In *Colyer*, we held that the record, including reasonable inferences drawn therefrom, "must affirmatively show that the plea was voluntary, that the defendant waived the

 

three constitutional rights, and that he understood the consequences of pleading guilty." *Colyer, supra,* 98 Idaho at 35, 557 P.2d 629. The record we review shows a thorough and painstaking interrogation of the defendant by the trial court on the voluntariness of defendant's guilty plea, with, however, no mention of the possibility of the sentence being made to run consecutively.

At the sentencing hearing a month later, Flummer was present with his attorney, and prior to the actual imposition of sentence, notwithstanding that a possibility of consecutive sentences was not made at the plea-acceptance hearing, consecutive sentences were mentioned by both counsel for Flummer and for the State, Flummer's counsel imploring the court not to impose a consecutive term.

It is the conclusion of the Court that, Flummer being present, it cannot be successfully argued that he was not aware of the court's discretion to sentence consecutively. At that stage, Flummer's choices were to take his chances on the court's exercise of discretion, or move the court for leave to withdraw his plea of guilty. Flummer, fully informed as required by *Colyer,* allowed his guilty plea to stand, and he cannot now be heard to complain.

In *Colyer,* mention was made of the post-*Boykin* case of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where it was established that the defendant was fully informed by his own attorney as to his right. The Supreme Court said:

> "At the state court hearing on post-conviction relief, the testimony confirmed that Alford had been fully informed by his attorney as to his rights on a plea of not guilty and as to the consequences of a plea of guilty. Since the record in this case affirmatively indicates that Alford was aware of the consequences of his plea of guilty and of the rights waived by the plea, no issues of substance under *Boykin v. Alabama* would be presented * *."

*State v. Colyer,* 98 Idaho at 35, 557 P.2d at 629 (quoting *Alford*).

Upon review of the record here, we are not persuaded that Flummer was not aware of the consequences of his guilty plea.

Judgment affirmed.

SHEPARD, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.