55 P.3d 879

STATE of Idaho, Plaintiff–Respondent,

v.

Thomas Earl HUFFMAN,
Defendant–Appellant.

No. 27729.

Court of Appeals of Idaho.

Sept. 9, 2002.

Review Denied Oct. 11, 2002.

Thomas E. Huffman, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Thomas Earl Huffman appeals the denial of his motion to withdraw his plea of guilty to two counts of forgery. He contends that he should be allowed to withdraw the plea because he was not advised before the plea that his forgery sentences might be made to run consecutive to earlier-imposed sentences for unrelated crimes.

## FACTS AND PROCEDURAL BACKGROUND

Huffman pleaded guilty to two counts of forgery pursuant to a plea agreement wherein the State agreed to recommend unified sentences of five years with two years determinate and to recommend that the sentences would be served concurrently with each other and with earlier sentences in other cases. At the sentencing, the prosecutor made the promised recommendations. The trial court followed the State's recommendation of two years determinate followed by three years indeterminate on each count, to be served concurrently with each other, but the court ordered that these sentences run consecutive to Huffman's sentences for four prior felonies.

Huffman later filed a motion to withdraw his guilty plea, alleging that the trial court had erred in accepting the plea without first informing Huffman of the possibility of consecutive sentences. The trial court denied the motion, and Huffman now appeals.

## ANALYSIS

After a defendant has been sentenced, a motion to withdraw a guilty plea generally will be granted only to correct manifest injustice: Idaho Criminal Rule 33(c); *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992); *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct.App.1997). Manifest injustice will be found if the plea was not taken in compliance with constitutional due process standards, which require that a guilty plea be entered voluntarily, knowingly, and intelligently. *State v. Gardner*, 126 Idaho 428, 432, 885 P.2d 1144, 1148 (Ct.App.1994); *State v. Detweiler*, 115 Idaho 443, 446, 767 P.2d 286, 289 (Ct.App.1989); *Brooks v. State*, 108 Idaho 855, 857, 702 P.2d 893, 895 (Ct.App.1985). Compliance with these standards turns upon whether: (1) the plea was voluntary in the sense that the defendant understood the nature of the charges and was not coerced; (2) the defendant knowingly and intelligently waived his rights to a jury trial, to confront adverse witnesses, and to avoid self-incrimination; and (3) the defendant understood the

consequences of pleading guilty. *State v. Dopp*, 124 Idaho 481, 484, 861 P.2d 51, 54 (1993); *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 284 (1990); *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976). *See also United States v. Ruiz*, —— U.S. ——, 122 S.Ct. 2450, 2452, 153 L.Ed.2d 586, —— (2002); *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756 (1970). It is the third of these factors that is at issue in the present appeal, for Huffman maintains that he did not understand the consequences of his plea because he was unaware that consecutive sentences could be imposed.

 It is not required that a defendant be informed of consequences of pleading guilty that are collateral or indirect. *See Ray v. State*, 133 Idaho 96, 99–101, 982 P.2d 931, 934–36 (1999) (sex offender registration is a collateral consequence of a guilty plea of which the defendant need not be informed); *State v. Miller*, 134 Idaho 458, 460, 4 P.3d 570, 572 (Ct.App.2000) (a defendant need not be told that his Idaho conviction may be used against him in subsequent sentencing for offenses in another state); *Carter v. State*, 116 Idaho 468, 468–69, 776 P.2d 830, 830–31 (Ct. App.1989) (future possibility of persistent violator status is a collateral, rather than direct, consequence of the guilty plea). A defendant must be made aware, however, of direct consequences of the plea, including maximum punishments. I.C.R. 11(c)(2); *Miller*, 134 Idaho at 460, 4 P.3d at 572. A consequence is direct if it presents "a definite, immediate and largely automatic effect on the defendant's range of punishment." *Id.*

 Thus, the first question presented by this appeal is whether the possibility that the defendant's sentence will be made to run consecutively to a prior sentence is a direct consequence of which the defendant must be informed in order to ensure that a guilty plea is voluntary, knowing, and intelligent. This question was answered in the affirmative by the Idaho Supreme Court in *State v. Flummer*, 99 Idaho 567, 585 P.2d 1278 (1978), where the Court held that the possibility that a sentence will run consecutively is a poten-

tial consequence of a guilty plea that must be disclosed to the defendant. *Id.* at 568, 585 P.2d at 1279.[1] Therefore, if a consecutive sentence has been imposed upon a defendant who pleaded guilty without awareness of this possible consequence, withdrawal of the plea must be allowed.

It is not essential, however, that the defendant be informed directly by the court at the plea hearing. Indeed, in *Flummer*, the Supreme Court upheld the validity of the guilty plea even though the possibility of consecutive sentences was not mentioned during the hearing in which the guilty plea was entered. The *Flummer* Court concluded that a discussion at the subsequent sentencing hearing made the defendant aware of the possibility of a consecutive sentence. At that hearing both defense counsel and the prosecutor referred to the possibility of consecutive sentences, and defense counsel implored the court not to make them consecutive. Because Flummer allowed his guilty plea to stand rather than moving for leave to withdraw the plea after hearing this exchange, the Supreme Court deemed the plea to be valid. *Id.* at 569, 585 P.2d at 1280. *Flummer* thus indicates that where the defendant was made aware of the possibility of consecutive sentences at some time before sentence was imposed, and did not seek to withdraw the guilty plea at that time, he will not be later heard to complain that he was not informed of this consequence of pleading guilty.

In the present case, although Huffman was not specifically told of the possibility of consecutive sentences, the record, taken as a whole, demonstrates that he could not have been unaware of this possibility. Two hearings were conducted regarding Huffman's guilty plea. In each hearing, there was discussion of the State's obligation under the plea agreement to recommend that Huffman's sentences be concurrent with those imposed in four other cases. Huffman was also advised that the court was not bound by the plea agreement and was free to impose sentences differing from the recommenda-

tion. From these discussions, with the emphasis upon the State's recommendation of concurrent sentences, it would be apparent to any attentive listener that the court possessed authority to impose sentences that would *not* run concurrently and that this sentencing option had not been eliminated by the plea agreement. Moreover, Huffman was not a newcomer to the criminal justice system who might be presumed to have little knowledge of sentencing alternatives; rather, he had a history of prior felony convictions. In these circumstances, as in *Flummer*, "[i]t cannot be successfully argued that [the defendant] was not aware of the court's discretion to sentence consecutively." *Id.* at 569, 585 P.2d at 1280. Huffman has shown no error in the district court's determination that his guilty plea was entered with knowledge of the potential consequences.

The order of the district court denying Huffman's motion for withdrawal of the guilty plea is therefore affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.

---

1. In so holding, the Supreme Court overruled its contrary decision in *State v. Morris*, 97 Idaho 273, 543 P.2d 498 (1975).