172 P.3d 1133

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel Earl SHOOK, Defendant–Appellant.**

No. 32929.

Court of Appeals of Idaho.

Sept. 18, 2007.

Review Denied Dec. 11, 2007.

Molly J. Huskey, State Appellate Public Defender; Greg S. Silvey, Kuna, for appellant. Greg S. Silvey argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Judge.

After being sentenced for aggravated battery, Daniel Earl Shook moved to withdraw his guilty plea because he had not been informed, before pleading guilty, that the court could impose a consecutive sentence or order restitution, both of which were ordered by

the district court. Shook appeals from the district court's denial of that motion. We reverse and remand.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

Shook was charged with aggravated battery, Idaho Code §§ 18–903(b), 18–907(a), for throwing boiling liquid on a fellow inmate, causing severe burns. The incident occurred at an Idaho correctional facility, where Shook was incarcerated. Shook pleaded guilty without a plea agreement. The district court imposed a unified sentence of fifteen years' imprisonment, with five years determinate, and ordered that this sentence run consecutive to the sentence that Shook was already serving. The district court later ordered restitution in the amount of $31,797.50, payable to an insurance company for coverage of the victim's medical expenses.

Shook thereafter filed an Idaho Criminal Rule 33(c) motion to withdraw his guilty plea, contending that before entering the plea he had not been informed that a consecutive sentence or restitution could be imposed. The district court denied the motion without a hearing and Shook appeals.

## II.

### DISCUSSION

■ When a criminal defendant moves to withdraw a guilty plea after having been sentenced, the motion may be granted to correct manifest injustice. I.C.R. 33(c); *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992); *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988). If the plea was not taken in compliance with constitutional due process standards, which require

that a guilty plea be made voluntarily, knowingly and intelligently, *Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *State v. Detweiler*, 115 Idaho 443, 446, 767 P.2d 286, 289 (Ct.App.1989), then manifest injustice will be established. *State v. Huffman*, 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct.App. 2002). The Idaho Supreme Court has held that a prima facie showing of compliance with due process requirements is made when the minimum requirements of I.C.R. 11 have been met. *Ray*, 133 Idaho at 99, 982 P.2d at 934. That rule provides that when the trial court accepts a guilty plea, "the record of the entire proceedings, including reasonable inferences drawn therefrom, must show: . . . the defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply." I.C.R. 11(c)(2).

Shook's appeal is predicated on the contention that the requirement that he be informed of the maximum punishment and other direct consequences of the plea was not satisfied in his case. The record substantiates Shook's contention that at his plea hearing there was no mention of the possibility of a consecutive sentence or of a restitution order, and nothing in the record indicates that Shook had learned of these consequences earlier, as through notification from his attorney.

■ We need address only Shook's argument regarding the consecutive sentence. It is established in Idaho law that the possibility that a sentence will be made to run consecutive to a prior sentence is a direct consequence of a guilty plea, of which the defendant must be informed in order to ensure that the plea is voluntary, knowing and intelligent.[1] *See State v. Flummer*, 99 Idaho 567, 585 P.2d 1278 (1978); *Huffman*, 137 Idaho at 887–88, 55 P.3d at 880–81.

---

1. It should be noted that I.C. § 19–2520F requires that sentences for felonies committed in a correctional facility run consecutive to all previous sentences. However, this enhancement statute appears to have no application here because it was not referenced in the information charging Shook with aggravated battery, the information contained no averment as to the location where the offense occurred, the statute was not mentioned to or by the district court in the proceed-

ings below, and the judgment of conviction does not refer to the statute. Thus, the State did not request this sentence enhancement, and it does not appear that the court's decision to make Shook's sentence consecutive was predicated upon this statute. The district court here possessed separate authority to order the sentence to run consecutively under common law. *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977).

The Supreme Court's decision in *Flummer* also indicated, however, that the ability to challenge a guilty plea for the failure to notify the defendant of this consequence at the plea hearing may be waived or forfeited at the sentencing hearing. The Court there upheld the validity of the guilty plea, even though the possibility of consecutive sentences was not mentioned during the plea hearing, because a discussion at the subsequent sentencing hearing made the defendant aware of the possibility of a consecutive sentence. At that hearing both defense counsel and the prosecutor referred to the prospect of consecutive sentences, with defense counsel urging that they not be made consecutive. Because *Flummer* allowed his guilty plea to stand rather than moving for leave to withdraw the plea after hearing this exchange, the Supreme Court held that he "cannot now be heard to complain." *Flummer*, 99 Idaho at 569, 585 P.2d at 1280. *Flummer* thus appears to stand for the proposition that if a defendant was made aware of the possibility of consecutive sentences at some time before sentence was imposed and did not seek to withdraw the guilty plea at that time, he will not later be entitled to relief.

This Court referenced *Flummer* in *Huffman*, where we affirmed the denial of a motion for withdrawal of a guilty plea although the defendant had not been directly informed of the risk of consecutive sentences before entering the guilty plea. We held that the record, taken as a whole, demonstrated that the defendant could not have been unaware of this possibility when he pleaded guilty. Two hearings were conducted regarding Huffman's guilty plea. In each hearing, there was discussion of the State's obligation under the plea agreement to recommend that Huffman's sentences be concurrent with those imposed in four other cases. Huffman was also advised that the court was not bound by the plea agreement and was free to impose sentences differing from the recommendation. From these discussions, we held, it would be apparent to an attentive listener that the court possessed authority to impose sentences that would *not* run concurrently and that this sentencing option had not been eliminated by the plea

agreement. *Huffman*, 137 Idaho at 887–88, 55 P.3d at 880–81.

■ In the present case, the prospect of a consecutive sentence became apparent when the State advocated for a consecutive sentence at the sentencing hearing. Thus, argues the State, *Flummer* controls, and because Shook did not move to withdraw his guilty plea at that time, he has waived any right to relief. While the present case does appear to be "on all fours" with *Flummer*, we reject the State's position because the adoption of Idaho Criminal Rule 11 and a recent decision of our Supreme Court appear to supersede *Flummer*.

Idaho Criminal Rule 11 became effective in 1980, two years after the *Flummer* decision. It provides in part: "Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show: ... (2) the defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply." This rule was applied by the Idaho Supreme Court in *State v. Heredia*, 144 Idaho 95, 156 P.3d 1193 (2007). There, the defendant pleaded guilty to involuntary vehicular manslaughter and, pursuant to statute, was ordered to pay child support to the victim's minor children. The defendant subsequently moved to withdraw his plea, contending that it was invalid because he had not been informed of this consequence before pleading guilty. The Idaho Supreme Court concluded that the child support order was a direct consequence of the plea of which Heredia should have been informed before entering a plea. *Id.* at 98, 156 P.3d at 1196. The Court then addressed, as a separate issue, the State's argument that Heredia did not establish manifest injustice justifying withdrawal of his plea because the defense attorney had argued against child support in his sentencing memorandum and at the sentencing hearing and because, when asked at the sentencing hearing, Heredia did not indicate that he was unaware that child support was a possible consequence. *Id.* Our Supreme Court rejected the State's argument, stating:

The record does not show that the defendant was informed of the consequence of child support. It was not listed as a consequence of the plea when Heredia entered his guilty plea. The only mention of child support in the record is at sentencing. This is not "before a plea of guilty is accepted" as required by I.C.R. 11. Heredia may withdraw his guilty plea.

*Id.* at 99, 156 P.3d at 1197. *Flummer* was not referenced in *Heredia,* although the Supreme Court cited this Court's *Huffman* decision several times. While *Flummer* was not expressly overruled, the *Heredia* opinion specifically rejects the *Flummer* ruling that a defendant waives any right to relief for the lack of pre-guilty plea notice if he learns at the sentencing hearing of a previously unmentioned consequence of the plea and does not object at that time. We can only conclude that *Heredia* effectively overruled *Flummer sub silentio,* either on the merits or in the implicit recognition of the superseding criminal rule.

Under the undisturbed portions of *Flummer* and *Huffman,* the possibility of a consecutive sentence is a direct consequence of which a defendant must be informed before a guilty plea is accepted. The district court here did not have the benefit of the *Heredia* opinion when it acted on Shook's motion, but we must adhere to the *Heredia* ruling. Shook is entitled to withdraw his guilty plea on the ground that he was not timely informed of this consequence. Shook's conviction thus must be vacated, and because the restitution order is attendant to the conviction, it likewise must be vacated.

The order denying Shook's motion to withdraw his guilty plea is reversed, and the case is remanded for further proceedings.

Chief Judge PERRY and Judge GUTIERREZ concur.

