**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36947**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 377 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 3, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KERRY STEPHEN THOMAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order denying motion to withdraw guilty plea, <u>vacated</u> and case <u>remanded</u>.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

_____

SCHWARTZMAN, Judge Pro Tem

Kerry Stephen Thomas pled guilty to two counts of transfer of body fluid which may contain the human immunodeficiency virus (HIV) and the district court sentenced him to consecutive unified terms of fifteen years with ten years determinate. The sentence was also ordered to be served consecutive to a prior sentence he was then serving for violating his parole. Thomas appeals the denial of his motion to withdraw his guilty plea. The order denying the motion to withdraw the plea is vacated, and remanded for a hearing, consistent with the views expressed in this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Thomas was arrested and charged with seven counts of transfer of body fluid which may contain HIV, Idaho Code § 39-608. At the time, Thomas was on parole for a 1997 conviction of this same crime, and when the allegations in this case were revealed, his parole was revoked and he was ordered to serve the remainder of his sentence. The state agreed that it would drop five of

1

the alleged counts in return for Thomas pleading guilty to two counts. There was no agreement on sentencing. During the plea colloquy, the court stated:

> Mr. Thomas, it is my understanding that you are going to be pleading guilty this morning to two counts of intentionally transferring the HIV virus and that you understand that each of those could expose you to a sentence of up to 15 years in prison and a fine up to $5,000, or both; and that *because sentences can be imposed consecutively in Idaho*, you are at risk for imprisonment for up to 30 years, fines of up to $10,000, or both, and restitution should that be appropriate to any victim in this case. Is that correct?

(Emphasis added.) Thomas answered that he understood. The court continued with the plea colloquy and accepted Thomas's plea. At sentencing, the court imposed a unified sentence of fifteen years with ten years determinate for each of the two counts to be served consecutively. The sentence was also ordered to run consecutive to the remainder of the current sentence — approximately three (3) years — Thomas was serving on the 1997 conviction.

Thomas filed an Idaho Criminal Rule 33(c) motion to withdraw his guilty plea and requested a hearing on the matter. The court denied defendant's request for hearing, without prejudice, but granted him leave to file a supporting brief, detailing the factual and legal basis for his motion. In the event Thomas could make a prima facie showing of manifest injustice, the court stated it would then grant a hearing on the motion. Six months later, Thomas filed a "renewed motion" with supporting memorandum to withdraw his guilty plea on the grounds he was not advised that he could receive a consecutive sentence. By memorandum decision and order, the court summarily denied Thomas's motion because it found that Thomas was specifically advised that consecutive sentences could be imposed. Thomas appeals.

## II.

## DISCUSSION

Thomas claims the district court erred in denying his motion to withdraw his guilty plea because he did not know that his sentence could be ordered to run consecutive to the sentence he was currently serving for the 1997 conviction. On appeal, Thomas admits he was fully advised that his sentences for the two counts of transferring HIV could be served consecutive to each other, but contends he was not advised they could also be imposed consecutive to his prior sentence.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714

2

P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence was unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

Manifest injustice can be established if the plea violated constitutional due process standards. *State v. Huffman*, 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct. App. 2002). Due process requires that a guilty plea be made voluntarily, knowingly and intelligently. *Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999). A prima facie showing of compliance with due process requirements is made when the minimum requirements of I.C.R. 11 have been met. *Id.* Rule 11 provides that when the trial court accepts a guilty plea, "the record of the entire proceedings, including reasonable inferences drawn therefrom, must show: . . . the defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply." I.C.R. 11(c)(2).

The possibility that a sentence can run consecutive to a prior sentence is a direct consequence of a plea. *State v. Shook*, 144 Idaho 858, 859, 172 P.3d 1133, 1134 (Ct. App. 2007). Even before I.C.R. 11 became effective, our Supreme Court in *State v. Flummer*, 99 Idaho 567, 568, 585 P.2d 1278, 1279 (1978), held that imposing a sentence to run consecutively "is a possible consequence to entering a guilty plea." More recently, this Court stated:

> It is established in Idaho law that the possibility that a sentence will be made to run consecutive to a prior sentence is a direct consequence of a guilty plea, of which the defendant must be informed in order to ensure that the plea is voluntary, knowing and intelligent. *See State v. Flummer*, 99 Idaho 567, 585 P.2d 1278 (1978); *Huffman*, 137 Idaho at 887-88, 55 P.3d at 880-81.

*Shook*, 144 Idaho at 859, 172 P.3d at 1134 (footnote omitted).  In addition, the record of the entire proceedings must affirmatively show that the defendant was informed of a direct consequence *before* the plea is accepted.  *State v. Heredia*, 144 Idaho 95, 98-99, 156 P.3d 1193, 1196-97 (2007).  The Court therein held that Heredia could withdraw his guilty plea because he was not informed of the risk of being ordered to pay child support before the guilty plea was accepted.

This Court is required to follow *Flummer* and view any consecutive sentence as a direct consequence of the plea.  At the beginning of the plea colloquy, the court warned Thomas that "because sentences can be imposed consecutively in Idaho, you are at risk for imprisonment for up to 30 years, fines of up to $10,000, or both, and restitution should that be appropriate to any victim in this case."  Thomas replied that he understood.  While Thomas advised the court that his parole had been revoked, the court did not explicitly explain that the sentences could also be ordered to run consecutive to the remainder of the sentence (three years) he was serving after his parole had been revoked.

Thomas argues that the district court erred in denying the motion to withdraw the guilty plea because he was not advised of all its consequences.  Based on how the argument was presented below, this Court cannot criticize the district court's decision.  On October 6, 2009, Thomas filed a motion to withdraw his guilty plea pursuant to I.C.R. 33(c) because "[t]he defendant's plea of guilty was not made knowingly, voluntarily, and intelligently."  Thomas requested oral argument without articulating why the plea was unknowing.  On October 9, 2009, the district court issued an order denying the request for a hearing because Thomas had not provided facts or argument in support of the motion.  The court requested Thomas to file a brief in support of his motion detailing the factual and legal basis for the request and announced that if Thomas made a prima facie showing of manifest injustice, a hearing would be granted.  The court dismissed the motion, but reserved ruling on the merits until further briefing was received.  The district court generously did not impose a deadline for briefing or outright deny the unsupported motion.

Six months later,[1] Thomas filed a renewed motion to withdraw guilty plea and claimed he "was not advised by the Court that he could receive a consecutive sentence."  Thomas

---

[1]     The reason for the delay is not apparent from the record.

4

attached the change of plea transcript. Thomas did not articulate to the district court that he claimed error for his sentence being consecutive to his *prior* conviction. In the memorandum in support of his renewed motion, Thomas again failed to crystallize his argument that the district court was required to advise him the sentence could be consecutive to his prior sentence. Thomas merely stated that "said sentences were imposed consecutively to each other, and *consecutive to the time Mr. Thomas was currently serving*." (Emphasis added.) His memorandum concluded:

> Mr. Thomas contends that he first became aware of the possibility of consecutive sentences at his sentencing hearing, which is supported by the transcript of his guilty plea. The possibility of a consecutive sentence is clearly a direct consequence of which a defendant must be informed before a guilty plea is accepted.

The memorandum failed to mention that the transcript showed the district court had specifically advised Thomas that the sentences on each count could be imposed consecutively. His failure to acknowledge this fact and otherwise focus his argument led the district court to believe Thomas was arguing that he was not warned the two sentences for transferring HIV could run consecutive to each other.

In ruling on Thomas's renewed motion to withdraw guilty plea, the district court concluded:

> On at least two occasions, this Court clearly and unambiguously informed the Defendant of the fact that his sentences could be imposed consecutively. . . . Given this, the Court finds that the record clearly shows that the plea was entered knowingly; and the Court finds there has been no showing of manifest injustice to allow the Defendant to withdraw his plea.

Because the transcript from the change of plea hearing obviously showed Thomas's sentences for transferring HIV could be imposed consecutively, the district court found the motion to be without merit.

Thomas argues that the district court failed to advise him his sentence could be ordered to run consecutive to his prior sentence. Given the poor drafting of the motion and memorandum in support of withdrawing the guilty plea, we find the district court's ruling quite understandable.

5

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, we conclude that Thomas raised this issue barely enough for this Court to consider it on appeal. Here, the district court did not recognize or rule on the argument Thomas presents to this Court, nor was the state given an opportunity to present its case below.

The issue would be more appropriately before this Court after the parties have fully argued the matter to the district court, and that court reaches a decision on whether the record, and reasonable inferences to be drawn therefrom, including Thomas's extensive involvement in the criminal justice system, demonstrates he was or was not aware of the consequence that his sentences could run consecutive to his prior sentence. *See Huffman*, 137 Idaho at 888, 55 P.3d at 881. Considering that the district court's initial order stated it would grant a hearing on the matter if a prima facie showing of manifest injustice was alleged, had the issue been more clearly framed, a hearing would likely have been granted. This Court, therefore, will remand the case for a hearing on Thomas's motion and resolution by the district court.[2]

### III.

### CONCLUSION

This Court expresses no opinion on the merits of Thomas's claim. The order denying the motion to withdraw the plea is vacated. The case is remanded to the district court for a hearing on Thomas's claim that he was not advised or aware that his sentence could run consecutive to a prior sentence he was serving.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[2] The parties and/or court could potentially consider concurrent service with the prior three-year sentence at the hearing. On appeal, while not identifying it as his preferred alternative, Thomas did acknowledge that if he had received concurrent treatment with the prior sentence then there would be no prejudice, i.e. no manifest injustice, and his claim would be rendered moot.