IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39374

STATE OF IDAHO,                          )
                                         )        **2013 Opinion No. 16**
      Plaintiff-Respondent,              )
                                         )        **Filed: March 6, 2013**
v.                                       )
                                         )        **Stephen W. Kenyon, Clerk**
KERRY S. THOMAS,                         )
                                         )
      Defendant-Appellant.              )
                                         )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge

Kerry S. Thomas appeals from the denial of his motion to withdraw his guilty plea.  He asserts that he should have been permitted to withdraw his plea because before pleading guilty he was incorrectly advised of the maximum sentence he could receive.

## I.

## BACKGROUND

This is Thomas's second appeal from the denial of his motion to withdraw his guilty plea. The background for this case was set forth in *State v. Thomas*, Docket No. 36947 (Ct. App. Mar. 3, 2011) (unpublished), as follows:

> Thomas was arrested and charged with seven counts of transfer of body fluid which may contain HIV, Idaho Code § 39-608.  At the time, Thomas was on parole for a 1997 conviction of this same crime, and when the allegations in this case were revealed, his parole was revoked and he was ordered to serve the remainder of his sentence.  The state agreed that it would drop five of the alleged

counts in return for Thomas pleading guilty to two counts. There was no agreement on sentencing. During the plea colloquy, the court stated:

> Mr. Thomas, it is my understanding that you are going to be pleading guilty this morning to two counts of intentionally transferring the HIV virus and that you understand that each of those could expose you to a sentence of up to 15 years in prison and a fine up to $5,000, or both; and that *because sentences can be imposed consecutively in Idaho*, you are at risk for imprisonment for up to 30 years, fines of up to $10,000, or both, and restitution should that be appropriate to any victim in this case. Is that correct?

(Emphasis added.) Thomas answered that he understood. The court continued with the plea colloquy and accepted Thomas's plea. At sentencing, the court imposed a unified sentence of fifteen years with ten years determinate for each of the two counts to be served consecutively. The sentence was also ordered to run consecutive to the remainder of the current sentence--approximately three (3) years--Thomas was serving on the 1997 conviction.

Thomas filed an Idaho Criminal Rule 33(c) motion to withdraw his guilty plea and requested a hearing on the matter. The court denied defendant's request for hearing, without prejudice, but granted him leave to file a supporting brief, detailing the factual and legal basis for his motion. In the event Thomas could make a prima facie showing of manifest injustice, the court stated it would then grant a hearing on the motion. Six months later, Thomas filed a "renewed motion" with supporting memorandum to withdraw his guilty plea on the grounds he was not advised that he could receive a consecutive sentence. By memorandum decision and order, the court summarily denied Thomas's motion because it found that Thomas was specifically advised that consecutive sentences could be imposed. Thomas appeal[ed].

In Thomas's first appeal, this Court held that while it was clear Thomas had been advised that the sentences for the counts to which he pleaded guilty in 2009 could be imposed consecutively, it was not clear whether he had been advised that these new sentences could be made consecutive to the sentence he was already serving for his 1997 conviction. *Id.* Therefore, we remanded with instructions to hold a hearing on Thomas's motion to withdraw his plea. *Id.*

On remand, the State conceded that Thomas had not been warned that the court could order that the sentences on the new counts be served consecutively to the remaining portion of the sentence from his 1997 conviction. However, the State suggested that the error could be remedied by modifying Thomas's sentence. Following a hearing, the district court followed the State's suggestion and modified Thomas's sentences in this case by ordering that they be served consecutively to each other but concurrently with the remaining portion of any sentence he was already serving. The court then denied Thomas's motion to withdraw his guilty plea, reasoning

2

that even if Thomas had been improperly advised as to the maximum potential sentence, any possible prejudice was eliminated by the sentence modification. Thomas appeals.

## II.

## ANALYSIS

Idaho Criminal Rule 33(c) states: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." The rule distinguishes between pleas made prior to and after sentencing, exacting a less rigorous measure of proof for presentence motions. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). To withdraw a guilty plea prior to sentencing, the defendant must show a just reason for withdrawing the plea. *Id.* If he does so, then the State may avoid the granting of the motion by showing that prejudice would result if the plea were withdrawn. *Id.* A motion to withdraw a guilty plea brought after sentencing will be granted only to correct manifest injustice. *State v. Flowers*, 150 Idaho 568, 571, 249 P.3d 367, 370 (2011); *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007).

If a plea was not taken in compliance with constitutional due process standards, which require that a guilty plea be made voluntarily, knowingly and intelligently, then "manifest injustice" or the lower standard of "just reason" will be established as a matter of law. *Heredia*, 144 Idaho at 97, 156 P.3d at 1195; *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009); *State v. Shook*, 144 Idaho 858, 859, 172 P.3d 1133, 1134 (Ct. App. 2007); *State v. Huffman*, 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct. App. 2002). A prima facie showing of compliance with due process requirements is made when the minimum requirements of Idaho Criminal Rule 11 have been met.[1] *Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *Shook*, 144 Idaho at 859, 172 P.3d at 1134. That rule provides that when the trial court accepts a guilty plea, "the record of the entire proceedings, including reasonable inferences drawn therefrom, must show: . . . The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may

---

[1] The procedures outlined in I.C.R. 11(c) are intended to protect the constitutional requirement that guilty pleas be entered voluntarily, knowingly and intelligently, but the procedures of Rule 11(c) themselves are not constitutionally mandated. *State v. Weber*, 140 Idaho 89, 95, 90 P.3d 314, 320 (2004); *accord McCarthy v. United States*, 394 U.S. 459, 465 (1969). *See also State v. Huffman*, 137 Idaho 886, 887-88, 55 P.3d 879, 880-81 (Ct. App. 2002).

apply." I.C.R. 11(c)(2). The possibility that a sentence will be made consecutive to a prior sentence is a direct consequence of a guilty plea, of which the defendant must be informed in order to ensure that the plea is voluntary, knowing, and intelligent. *State v. Flummer*, 99 Idaho 567, 568-69, 585 P.2d 1278, 1279-80 (1978); *Shook*, 144 Idaho at 859, 172 P.3d at 1134; *Huffman*, 137 Idaho at 887-88, 55 P.3d at 880-81.

Our previous cases, however, dealt with defendants who actually received a sentence or other direct consequence of a guilty plea without a warning that such a sentence or consequence could be imposed. The question in this appeal is whether a violation of Rule 11(c) based on the court's understatement of the maximum possible sentence constitutes manifest injustice when the defendant has received no greater sentence than was disclosed by the court.

Not all Rule 11 violations invalidate a guilty plea. The Idaho Criminal Rules provide, "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." I.C.R. 52. We have previously recognized that some technical violations of Rule 11(c) do not rise to the level of manifest injustice. *See Nellsch v. State*, 122 Idaho 426, 432, 835 P.2d 661, 667 (Ct. App. 1992); *accord United States v. Timmreck*, 441 U.S. 780, 784-85 (1979).

Other courts that have directly considered the issue have held that when a defendant is misinformed as to the maximum punishment and then receives a sentence no greater than the punishment described, the error is generally harmless, unless the defendant can demonstrate, for example, that the misinformation at the Rule 11 hearing led the defendant to expect a lesser penalty than he actually received. *United States v. Powell*, 269 F.3d 175, 180-84 (3d Cir. 2001); *United States v. Andrades*, 169 F.3d 131, 134 (2d Cir. 1999); *United States v. Raineri*, 42 F.3d 36, 41-42 (1st Cir. 1994); *United States v. Johnson*, 1 F.3d 296, 303 n.32 (5th Cir. 1993); *United States v. Syal*, 963 F.2d 900, 905-6 (6th Cir. 1992); *Rodriguera v. United States*, 954 F.2d 1465, 1468 (9th Cir. 1992) *abrogated on other grounds by United States v. Fuentes-Mendoza*, 56 F.3d 1113 (9th Cir. 1995); *United States v. Barry*, 895 F.2d 702, 704-05 (10th Cir. 1990); *United States v. McGeehan*, 824 F.2d 677, 680 (8th Cir. 1987). The advisory committee notes to Federal Criminal Rule 11 (the federal counterpart to I.C.R. 11) also suggest that a Rule 11 violation may be harmless if the "judge understated the maximum penalty somewhat, but the penalty actually imposed did not exceed that indicated in the warnings." Fed. R. Crim. P. 11 advisory committee note to 1983 amendments.

We are persuaded that the foregoing authorities are correct. We therefore hold that when a judge understates the maximum sentence during a plea colloquy, and later sentences the defendant within the range of punishment described during the colloquy, such error is subject to harmless error review. When a defendant attempts to withdraw his plea in such a case after the sentence has been imposed, the defendant bears the burden of demonstrating that although he received no greater sentence than was explained to him during the plea colloquy, he was prejudiced to such an extent that manifest injustice will occur unless he is permitted to withdraw the plea.

Here, Thomas was informed that he faced a maximum period of incarceration of up to thirty years when the maximum term that could have been imposed, and initially was imposed, totaled approximately thirty-three years. However, the court later modified his sentences to a cumulative unified term of thirty years including an indeterminate period of ten years, and ordered that the sentences be served concurrently with the remaining portion of Thomas's prior sentence. As modified, Thomas's sentences do not exceed the punishment described by the court during the plea colloquy. Because Thomas has not even alleged that he would not have pleaded guilty had he been correctly informed about the maximum sentence he faced, nor presented any evidence or argument that would demonstrate how he was prejudiced when he has received no greater sentence than that of which he was forewarned, the error is harmless. Thus, Thomas has not demonstrated that manifest injustice will result if he is not permitted to withdraw his plea.

Accordingly, the district court's order denying Thomas's motion to withdraw his guilty plea is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**