# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41878

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2017 Unpublished Opinion No. 311** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: January 13, 2017** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **SCOTT LEE MICKELSEN,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Orders denying motion to withdraw guilty plea, denying Idaho Criminal Rule 35 motion, revoking probation, and judgment of conviction and sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Scott Lee Mickelsen appeals from the district court's orders denying his motions to withdraw his guilty plea and reduce his sentence under Idaho Criminal Rule 35. Further, Mickelsen argues the district court abused its discretion by imposing an excessive sentence and by revoking his probation. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Mickelsen pled guilty at his felony arraignment to one count of possession of methamphetamine, Idaho Code § 37-2732(c)(1). The plea agreement required the State to refrain from filing a persistent violator enhancement and "[i]n the event [Mickelsen] is accepted into Problem Solving court . . . to recommend probation with the special condition of successful completion of a problem solving court[.]" The State was free to argue

1

the terms of the underlying sentence imposed by the district court. Mickelsen's application for acceptance into problem solving court was denied. Thereafter, Mickelsen received a unified sentence of seven years with two years determinate and the district court retained jurisdiction for up to one year. The district court also recommended Mickelsen be placed in the therapeutic community. Mickelsen filed a timely notice of appeal.

After sentencing, Mickelsen filed a motion to withdraw guilty plea and a Rule 35 motion requesting leniency. The district court held a hearing on the motions and subsequently issued orders denying both motions. After a period of retained jurisdiction, the district court entered an order placing Mickelsen on probation for three years and suspended his underlying sentence. Fourteen months after being placed on probation, Mickelsen was arrested on a bench warrant based on five alleged probation violations. At the probation violation hearing, Mickelsen admitted all but one of the allegations, which the State then withdrew. The district court entered a judgment of conviction on the probation violation, revoking Mickelsen's probation and ordering that his underlying sentence be executed. Mickelsen timely appeals.

## II.

## ANALYSIS

Mickelsen argues that his guilty plea was not entered into knowingly, intelligently, and voluntarily. Mickelsen also argues that the sentence imposed by the district court was excessive. Further, Mickelsen avers that the district court abused its discretion in denying his motion for leniency. Finally, Mickelsen asserts that the district court erred in revoking his probation.

### A.     Motion to Withdraw Guilty Plea

Mickelsen argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id*. Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were

2

unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Mickelsen's motion to withdraw his guilty plea was filed after sentencing.

Mickelsen makes the following assertions to demonstrate manifest injustice: (1) he pled guilty without having knowledge of the facts and evidence that the State would have used against him; (2) the transcript of the arraignment at which Mickelsen pled guilty shows that he appears uncertain when answering some of the questions during the plea colloquy; (3) he did not have adequate time to talk to counsel prior to entering his plea; and (4) he suffers from bipolar disorder and schizophrenia, was taking medication for his mental health conditions at the time his plea was entered, and was suicidal just prior to his sentencing hearing. Of these assertions, the only assertion also presented to the district court in the motion to withdraw guilty plea is that relating to discovery. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, the only argument this Court will consider is whether the lack of discovery received at the time the guilty plea was entered led to the occurrence of manifest injustice.[1]

Manifest injustice will be found if the plea was not taken in compliance with constitutional standards, which require that a guilty plea be entered voluntarily, knowingly, and intelligently. *State v. Huffman*, 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct. App. 2002). Compliance with these standards turns upon whether: (1) the plea was voluntary in the sense that the defendant understood the nature of the charges and was not coerced; (2) the defendant knowingly and intelligently waived his rights to a jury trial, to confront adverse witnesses, and to avoid self-incrimination; and (3) the defendant understood the consequences of pleading guilty. *Id*. The validity of a plea is determined by considering all the relevant circumstances surrounding the plea as contained in the record. *State v. Hawkins*, 117 Idaho 285, 288, 787 P.2d 271, 274 (1990). Mickelsen contends that he pled guilty before he received discovery, including

---

[1]    Mickelsen also argued to the district court that he was coerced by trial counsel, was not represented by conflict-free counsel, and was not accepted into the specialty court as grounds for withdrawal but does not assert those claims on appeal.

3

the lab report verifying whether the white substance found on him was a controlled substance. He claims, therefore, that he did not have full knowledge of the evidence against him when he entered his plea and, as such, his plea was not voluntarily, knowingly, and intelligently entered.

The district court properly considered the evidence when it denied Mickelsen's motion to withdraw his plea. In its order denying the motion, the district court acknowledged the proper standard of review. Next, the district court noted that it had reviewed the transcript in the change of plea hearing and it is clear that the decision to plead guilty was a decision Mickelsen made knowingly and voluntarily. Finally, the district court found that "there is no showing how the absence of all the discovery impacted [Mickelsen's] decision to plead guilty, particularly when [Mickelsen] clearly identified the facts for which he was guilty of the charge." At the arraignment, when the district court asked Mickelsen what he did that made him guilty of the charge against him, Mickelsen stated: "I had methamphetamines. I purchased methamphetamines. I used them. They weren't necessarily caught on me, but the ones that they found were mine. So I'm going to just take responsibility for what's mine and say that I was guilty of it." Further, when the district court inquired as to whether Mickelsen had questions about giving up his right to a jury trial, Mickelsen stated: "No, Your Honor. I know I could take it to trial, and there's a good chance I'd win because they can't get me with constructive possession of it. I understand the Court process very well. But I'd be under--I'd be lying if I said it wasn't mine."

The record amply demonstrates that Mickelsen was aware of the terms of the plea agreement. Before accepting Mickelsen's plea, the district court recited the contents of the plea agreement to Mickelsen and ensured that Mickelsen was aware of the consequences of his plea. Mickelsen has failed to demonstrate any manifest injustice. The district court did not abuse its discretion in denying Mickelsen's motion to withdraw his guilty plea.

**B. Mickelsen's Sentence**

Mickelsen argues the district court abused its discretion in sentencing him to seven years with two years determinate, and retained jurisdiction with a therapeutic community recommendation. Mickelsen first avers that the district court did not give proper consideration to Mickelsen's mental health issues, specifically his bipolar and schizophrenia diagnoses and the prescription medication he was taking to treat these diagnoses. Further, Mickelsen avers that the court did not consider that his controlled substance abuse dates back to when he was twelve

4

years old. Finally, that Mickelsen has expressed remorse for his conduct and taken responsibility for his actions.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. The district court emphasized its concern with Mickelsen's extensive criminal history and the length of time spent in the criminal justice system. The district court also noted that it did not see Mickelsen as a candidate for probation and that he needed to receive treatment. The district court considered Mickelsen's mental health and substance abuse issues. The court further provided that it wanted to retain jurisdiction on the condition that Mickelsen get into a rider program in order to be able to further evaluate the risk before Mickelsen returned to the community. Mickelsen's sentence is not unreasonable in light of his three prior felony convictions and numerous misdemeanor convictions. The court's sentence clearly demonstrates its focus on the primary objective of protecting society and is not an abuse of discretion. Accordingly, Mickelsen's sentence is affirmed.

**C.    Rule 35 Motion for Leniency**

Mickelsen argues that in light of new information introduced at the hearing on his Rule 35 motion, the district court abused its discretion in denying his motion for a sentence modification.    A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

The record demonstrates that the information Mickelsen provided was not new and the district court had been given the opportunity to consider it at the time of sentencing.  The claimed new information is that, at the time the offense occurred, Mickelsen had just ended a relationship with a woman with whom he had been dating for eight years.  Further, that Mickelsen was done using controlled substances and "do[es]n't want that stuff in [his] life anymore."  Additionally, Mickelsen told the court he could be successful on probation now because he was older and wiser and had a prospective employment opportunity.  Finally, Mickelsen submitted that he would participate in urine testing to demonstrate his sobriety.

The information in the presentence investigation report (PSI) reflects that Mickelsen's eight-year relationship had ended the month prior to his arrest in the case at issue.  The PSI further reflects Mickelsen's intention to remain sober and his plan for recovery.  Additionally, the district court was made aware of Mickelsen's employment opportunity at the sentencing hearing.  Mickelsen also advised the court at the sentencing hearing that he was willing to participate in treatment if given the chance on probation.  In ruling on Mickelsen's Rule 35 motion, the district court indicated that it had reviewed the file and did not find grounds to alter the original sentence.  The record reflects that the district court reviewed the mitigating information offered by Mickelsen.  Mickelsen has failed to demonstrate that the district court abused its discretion in denying his Rule 35 motion.

6

**D.    Probation Revocation**

Mickelsen argues that the district court abused its discretion when it revoked his probation and executed his suspended sentence. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Idaho Code § 20-222(2) provides that "the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court . . . may revoke the probation and suspension of sentence and cause the sentence imposed to be executed." Further, I.C.R. 33(f) provides:

> The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. . . . The court shall not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation.

Mickelsen argues that the district court abused its discretion in revoking his probation and imposing his underlying sentence because the probation violations did not warrant revocation. Mickelsen asserts that because his drug addiction was well-known to the district court, his probation officer had recommended a specialty court for treatment and Mickelsen does well on probation when his reporting and testing is increased. The district court was not justified

7

in revoking probation. However, Mickelsen was not accepted into drug court. Even though the district court stated that it believed a problem solving court is "probably a good bridge between community probation and a prison setting" and "it's unfortunate that that's not an option," the court knew at the time of sentencing that there was a possibility Mickelsen would not be accepted into drug court.

Mickelsen was placed on probation after a period of retained jurisdiction for possession of methamphetamine. Mickelsen admitted to four probation violations, including being discharged from his treatment program for nonattendance, associating with individuals he knew to be using unlawful drugs, using methamphetamine and marijuana, and failing to report for a scheduled appointment with his probation officer and not providing his probation officer with updated residence and employer contact information. Mickelsen had been given the benefit of the retained jurisdiction program. Mickelsen was also given the option of having another rider and a chance at community supervision, which he turned down in favor of incarceration. Applying the foregoing standards, we cannot say that the district court abused its discretion by revoking Mickelsen's probation and ordering execution of his original sentence. The district court acted within the boundaries of its discretion and through an exercise of reason when it determined that probation was not achieving the goal of rehabilitation, and that Mickelsen's probation violations posed a serious risk to society.

### III.
### CONCLUSION

The district court did not abuse its discretion in denying Mickelsen's motion to withdraw his guilty plea. Additionally, the district court did not abuse its discretion in sentencing Mickelsen or in denying his motion for leniency. Finally, the district court did not abuse its discretion by revoking Mickelsen's probation. Accordingly, the district court's orders denying Mickelsen's motion to withdraw his guilty plea, denying Mickelsen's Rule 35 motion, revoking Mickelsen's probation, and Mickelsen's judgment of conviction and sentence are affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.