**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39875**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 642 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 28, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN LEE ADAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

John Lee Adams appeals from the denial of his motion to withdraw his guilty plea for lewd conduct with a child under sixteen, Idaho Code § 18-1508.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At the change of plea hearing, the district court conducted a thorough examination of Adams and found that entry of the guilty plea was made "knowingly, freely, and voluntarily." The court sentenced Adams to a unified term of nine years, with two years determinate. Adams filed an Idaho Criminal Rule 35 motion which the district court denied. Adams appealed the district court's denial of the Rule 35 motion, and also alleged the district court abused its discretion by imposing an excessive sentence and failing to grant probation. This Court affirmed the trial court's denial of the I.C.R. 35 motion and Adams' sentence. *State v. Adams*, Docket

No. 38805 (Ct. App. March 1, 2012) (unpublished).  While Adams' appeal was pending, he filed a motion to withdraw his guilty plea which the trial court denied.

**II.**

**ANALYSIS**

On appeal, Adams alleges he did not understand the nature of the charge or potential punishment when he pled guilty; he did not present a factual basis to support the charge and he was coerced into pleading guilty.  Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied.  *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986).  Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action.  *Id.*  Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed.  Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice.  The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe.  *Freeman*, 110 Idaho at 121, 714 P.2d at 90.  Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea.  *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).  Manifest injustice occurs when the court accepts a plea without following constitutional standards requiring the plea to be made voluntarily, knowingly, and intelligently.  *State v. Thomas*, 154 Idaho 305, 307, 297 P.3d 268, 270 (Ct. App. 2013).  A prima facie showing of compliance with due process is made if the record and reasonable inferences establish the trial court satisfied the requirements of Idaho Criminal Rule 11(c).  *Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *Thomas*, 154 Idaho at 307, 297 P.3d at 270.

Here, Adams' motion to withdraw was made after he was sentenced and it is his burden to show a manifest injustice would result unless the guilty plea is withdrawn.  The guilty plea was entered pursuant to a plea agreement signed by Adams and his counsel.  The plea agreement listed the potential punishments for lewd conduct with a child under sixteen, indicated it was signed voluntarily without duress or coercion, and listed the constitutional rights waived upon

2

pleading guilty.  Review of the record also establishes a prima facie showing of compliance with I.C.R. 11(c) and due process.

Adams' claim that his learning disability or mental issues caused by health problems prevented him from knowingly or voluntarily entering his plea is contradicted by the record.

| ADAMS: | I just have a learning disability. |
| COURT: | Okay.  What is the nature of that? |
| ADAMS: | When I don't understand a sentence or something, I need it read to me to make sure I understand the content of that sentence. |
| COURT: | Do you feel like in your conversations with your attorney, each of you have been tracking one another? |
| ADAMS: | Yes. |
| COURT: | If there's anything you don't understand, please let the court know or your attorney-- |
| ADAMS: | Yes. |
| COURT: | In today's process and I'll try to walk you through it as carefully as possible. |
| . . . . | |
| COURT: | And do you have any psychological or mental problems that might affect your ability to understand what's happening today? |
| ADAMS: | No, sir. |

During the hearing, Adams exhibited an understanding and competence in conversing with the court.  Additionally, Adams' claim he did not have sufficient time with his attorney to allow him to knowingly enter his plea is also unfounded.

| COURT: | Have you had sufficient time to discuss this case with your attorney? |
| ADAMS: | Yes, sir. |

Adams' challenge that he had trouble understanding the nature of the charge and the potential punishments associated with it, and that he gave an insufficient factual basis to support the charge is again belied by the record.

| COURT: | Do you understand what you're charged with? |
| ADAMS: | Yes, sir. |
| COURT: | And what is that? |
| ADAMS: | It's contact with a minor under the age of sixteen. |
| COURT: | And do you know what the potential punishment is for this crime? |
| ADAMS: | Yes, sir. |
| COURT: | What is that? |
| ADAMS: | I could spend life in prison. |
| COURT: | And as to a fine? |
| ADAMS: | Yes. |
| COURT: | What is the anticipated fine or up to an amount? |

3

ADAMS:    $50,000.

COURT:    And do you recognize that you would be required to register as a sex offender?

ADAMS:    Yes, your Honor.

. . . .

COURT:    And do you understand by pleading guilty you will be a convicted felon?

ADAMS:    Yes, your Honor.

COURT:    Now do you have any questions for your attorney before we enter this plea?

ADAMS:    No, your Honor.

COURT:    Any questions for the Court?

ADAMS:    No, your Honor.

COURT:    Okay. Is it still your desire to plead guilty today at this time?

ADAMS:    Yes, your Honor.

. . . .

COURT:    Now please tell me, in your own words, what you did that makes you guilty of [lewd conduct with a child under sixteen]?

ADAMS:    Fondling my daughter.

. . . .

COURT:    And do you recall the approximate date that that may have occurred?

ADAMS:    Started about a year and a half ago.

. . . .

COURT:    And specifically as to the term fondle, was that one of a sexual nature?

ADAMS:    No.

COURT:    In the prosecuting attorney's Information, it alleges that it was by manual/genital, oral/genital, genital to genital. Are any of those characterizations accurate?

ADAMS:    Yes.

COURT:    And the other element of this allegation is that it was done with the intent to gratify your sexual--

ADAMS:    In my case, no.

COURT:    Counsel, do you want to--

(Discussion between counsel and [Adams] off the record)

. . . .

COURT:    Okay, and so what the State has alleged is that these types of contacts that you've admitted to would necessarily only be for the intent to gratify the sexual desire of yourself, not the child.

ADAMS:    Okay, yes.

COURT:    And is that an accurate description?

ADAMS:    Yes.

Although it is apparent Adams exhibited some reluctance to admit he sought to gratify himself sexually by touching his daughter, the colloquy between Adams and the court shows he

4

understood the charge, the potential punishment, and that he presented a sufficient factual basis for the court to accept the plea.

Finally, Adams' contention that he was coerced or pressured into pleading guilty by his own counsel and because he was "terrified" at the hearing is also without merit.

COURT: Did anyone pressure or coerce you to plead guilty today?
ADAMS: No.
COURT: Or give you a reward or encourage you to plead guilty because I might be easy upon you?
ADAMS: No, sir.
COURT: And did anyone suggest I would put you on probation by pleading guilty?
ADAMS: No, sir.
COURT: Have you been threatened or intimidated into pleading guilty?
ADAMS: No, sir.
COURT: And would it be correct for the Court to conclude that you are pleading guilty by your own free will, without any coercion?
ADAMS: Yes, your Honor.

Upon review of the record and reasonable inferences, Adams has failed to show a manifest injustice would result by refusing to allow him to withdraw his guilty plea. The trial court diligently ensured Adams properly entered his guilty plea, and the court did not abuse its discretion in denying Adams' motion to withdraw his plea. Adams' other claims that he was not competent during the police investigations, the psychosexual evaluation, and at sentencing are not relevant to the present appeal.[1]

### III.

### CONCLUSION

Adams has failed to show the district court abused its discretion in denying the motion to withdraw his guilty plea. The district court's denial of the motion to withdraw is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[1] The case of *Bland v. California Department of Corrections*, 20 F.3d 1469 (9th Cir. 1994), was cited to this Court by Adams in a pro se filing. The *Bland* decision is not germane to any issues raised by Adams' motion to withdraw guilty plea or in this appeal.