IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40872

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 423 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN ELLIOTT HOGUE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order denying motion to withdraw guilty plea, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge Pro Tem

Brian Elliott Hogue appeals from the district court's order denying Hogue's motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

Following an investigation into several bad checks Hogue had issued to numerous individuals and businesses, Hogue was charged with three counts of grand theft, I.C. §§ 18-2403(1) and 18-2407(1)(b), and three counts of issuing a check without funds, I.C. § 18-3106(a). Pursuant to a plea agreement, Hogue pled guilty to one count of grand theft and one count of issuing a check without funds, and the state dismissed the remaining counts. The district court subsequently sentenced Hogue to a unified term of fourteen years, with a minimum period of confinement of five years, for grand theft and a concurrent determinate term of three years for issuing a check without funds.

After sentencing, Hogue filed a pro se motion to withdraw his guilty plea. In the motion, Hogue alleged that his plea was not voluntary and knowing because, during his pretrial

1

confinement, Hogue was placed in a "behavior modification plan" in which he was denied access to his attorney, legal documents, and legal mail. Moreover, he asserted that his trial counsel had failed to raise these issues. The district court denied the motion, determining that Hogue had failed to raise a colorable argument in support of his allegations. Hogue appeals.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to insure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Manifest injustice occurs when a court accepts a guilty plea without following constitutional standards requiring the plea to be made voluntarily, knowingly, and intelligently. *State v. Thomas*, 154 Idaho 305, 307, 297 P.3d 268, 270 (Ct. App. 2013). A prima facie showing of compliance with due process is made if the record and reasonable inferences establish the trial court satisfied the requirements of Idaho Criminal Rule 11(c). *Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *Thomas*, 154 Idaho at 307, 297 P.3d at 270.

Hogue argues for the first time on appeal that the district court erred in denying his motion to withdraw his guilty plea because it accepted Hogue's guilty plea without informing him that it did not have the authority to order that his sentences in this case run concurrently with a sentence in a separate case. As a result, Hogue argues, he was not informed of the direct consequences of his plea, so it could not have been knowing or voluntary.

2

However, Hogue did not raise this argument before the district court, instead arguing only that his guilty plea was not knowing and voluntary because he was denied access to his attorney, legal documents, and legal mail during his pretrial detention and because his trial counsel failed to raise these issues with the district court. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). Thus, absent a claim of fundamental error, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *see also State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010); *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007).[1]

Here, Hogue makes no argument that the alleged error was fundamental. Hogue's sole argument on appeal was one that was not raised before the district court, thereby depriving the district court of an opportunity to entertain this argument in the first instance and correct any potential errors. Indeed, the district court did not deny Hogue's motion to withdraw his guilty plea on the grounds raised by Hogue for the first time on appeal. Hogue may not allege to this Court that the district court's decision was in error based on an argument he never presented to the district court for decision. As a result, we decline to consider Hogue's newly raised argument on appeal.

Hogue has failed to demonstrate that the district court erred in denying his post-sentence motion to withdraw his guilty plea. Accordingly, we affirm the district court's order denying Hogue's motion to withdraw his guilty plea.

Judge LANSING and Judge GRATTON, **CONCUR.**

---

[1]     The rationale for this rule was first stated by the Supreme Court of the Territory of Idaho in 1867:

> It is for the protection of inferior courts. It is manifestly unfair for a party to go into court and slumber, as it were, on [a] defense, take no exception to the ruling, present no point for the attention of the court, and seek to present [the] defense, that was never mooted before, to the judgment of the appellate court. Such a practice would destroy the purpose of an appeal and make the supreme court one for deciding questions of law in the first instance.

*Smith v. Sterling*, 1 Idaho 128, 131 (1867).