IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40664

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 477 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 24, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MOISES GOMEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Judgment of conviction and unified sentence of eight years, with a minimum period of confinement of three years, for sexual abuse of a minor child, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Moises Gomez appeals from the district court's denial of his post-sentencing motion to withdraw his guilty plea and also contends that his sentence is excessive. We affirm.

## I.

## BACKGROUND

In 2012, Gomez was charged with one count of sexual abuse of a child under the age of sixteen and one count of lewd conduct with a child under the age of sixteen, Idaho Code §§ 18-1506(1)(b)[1] and 18-1508. The alleged conduct occurred in 1999, when the victim was fourteen years old. Pursuant to a plea agreement, Gomez agreed to plead guilty to sexual abuse of a child under the age of sixteen and submit to a psychosexual evaluation, and in return the State agreed

_____

[1] The judgment of conviction contains a clerical error, reflecting that Gomez pleaded guilty to sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A.

1

to dismiss the lewd conduct charge. The psychosexual evaluator submitted a report which opined that Gomez posed a moderate-low risk of sexually reoffending and noted that Gomez was found to be deceptive in a full disclosure polygraph examination. Later, the presentence investigator submitted a report noting that Gomez was not a legal resident and would be subject to removal proceedings after sentencing.

Shortly after the psychosexual evaluation report and the presentence report were prepared, Gomez filed a motion to withdraw his guilty plea. This motion was subsequently withdrawn, and the case proceeded to sentencing. The district court imposed a unified eight-year sentence with three years determinate and retained jurisdiction. At the conclusion of the retained jurisdiction period, Gomez was placed on probation. Gomez filed a timely notice of appeal.

Before the period of retained jurisdiction expired, Gomez filed a second motion to withdraw his guilty plea. The motion asserted that because English was not Gomez's first language, he did not fully understand the plea agreement, and also alleged that he was not properly informed before entering his guilty plea that he could be deported as a consequence of the conviction. Additionally, Gomez filed a separate motion requesting the assistance of an interpreter, although he had not previously requested an interpreter at any point in the case. This request for an interpreter was granted. The district court ultimately denied Gomez's motion to withdraw his plea, finding no manifest injustice as the record clearly showed that Gomez understood English and on multiple occasions was told that his plea could result in deportation.

## II.

## ANALYSIS

Gomez contends that the district court erred when it held that there was no showing of manifest injustice because he understood English and had been adequately informed of the risk of deportation. He also contends the district court abused its discretion by imposing an excessive sentence.

### A. Withdrawal of Guilty Plea

Idaho Criminal Rule 33(c) states: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." The rule distinguishes between pleas made prior to and after sentencing, exacting a less rigorous measure of proof for presentence motions. *State v.*

*Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *State v. Thomas*, 154 Idaho 305, 307, 297 P.3d 268, 270 (Ct. App. 2013). A motion to withdraw a guilty plea prior to sentencing requires a showing only of a just reason for withdrawing the plea, but a post-sentencing motion will be granted only to correct manifest injustice. *State v. Flowers*, 150 Idaho 568, 571, 249 P.3d 367, 370 (2011); *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007).

As Gomez filed a motion to withdraw his guilty plea after sentencing, he must show a manifest injustice that the district court would be required to correct. Notwithstanding that Gomez stated on the record that he read and understood English, that he acknowledged this in writing on the guilty plea questionnaire, and that both his counsel and the district court advised Gomez that he could possibly be deported as a consequence of his plea before he pleaded guilty, Gomez asserts that his plea was not knowing, intelligent, and voluntary due to a language barrier and because his attorney did not correctly advise him as to whether he would be deported.

The record does not support Gomez's contentions. It shows, by direct and circumstantial evidence, that Gomez understood the English language well enough to converse, read, and write in English. This includes transcripts of court hearings where Gomez spoke English and properly answered all questions directed to him, using both complete sentences and "yes" and "no" responses; the plea agreement written in English in which Gomez acknowledged that he spoke and read English fluently; and the guilty plea questionnaire where Gomez acknowledged that he could read and write the English language. In addition, the record includes a Bannock County Sheriff's detail incident report containing the transcript of an audiotaped conversation between Gomez and the victim in English, occurring before charges were filed; numerous affidavits and other writings purportedly from Gomez that are handwritten in English by the same person, some of which were notarized as being made under oath; and the psychosexual evaluation report which noted that Gomez reads English at a "fairly adequate level" and speaks "fairly good English." Additionally, while on retained jurisdiction, Gomez obtained a GED, completed several workforce readiness classes, and served as the assistant senior coordinator of a community model program, all without any suggestion that Gomez struggled with the English language. Further, neither of Gomez's two licensed attorneys who represented him before sentencing indicated there was a language barrier nor requested an interpreter for Gomez. Given this evidence, the district court did not err in finding that Gomez had not shown that he was unable to understand the proceedings due to a language barrier.

3

The record likewise disproves Gomez's claim that it is manifestly unjust to disallow withdrawal of his guilty plea because the plea was based on his lack of understanding that deportation was a possible consequence of the plea. Before accepting his plea, the district court obtained an assurance from defense counsel that Gomez had been advised of the deportation possibilities. The court then asked, "So, sir, you understand that by pleading guilty to this crime there is a possibility that you could be deported?" To this query, Gomez responded, "Yes, Your Honor." The guilty plea questionnaire that Gomez filled out and signed also informed him that the plea "could have consequences of deportation or removal, loss of permanent legal status, inability to obtain legal status in the United States, or denial of an application for United States citizenship." Gomez's contention that he pleaded guilty without understanding that the plea could result in his deportation is disproven by the record and therefore does not demonstrate manifest injustice. Accordingly, there was no error in the district court's denial of Gomez's motion to withdraw his guilty plea.

**B.      Sentence Review**

Gomez also contends that his sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

### III.

### CONCLUSION

Gomez has not shown the district court erred by determining that Gomez had not shown manifest injustice that would require setting aside his guilty plea. Nor has Gomez shown that the district court abused its discretion in imposing sentence. Therefore, Gomez's judgment of conviction and sentence are affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

4